Submitted on briefs October 31, decided December 3, 1912; rehearing denied January 7, 1913.

### HODGKIN v. BOSWELL.

(127 Pac. 985.)

**Names—Taxation—Validity of Sale—Assessment—Name of Owner—Idem Sonans.**

1. Under statutes requiring the property to be described, listed, and assessed in the name of the owner, assessments against the property of "Frank E. Hodgkin" made under the name of "F. E. Hodgkins," which are easily distinguishable, and which are not idem sonans, are void and insufficient to support a sale.

**Taxation—Validity of Sale—Necessity of Describing Property in Assessment Roll.**

2. An assessment for taxation which did not describe the property intended to be assessed is void, and will not support a sale for taxes.

**Taxation—Validity of Sale—Assessment—Effect of Invalid on Valid Assessment.**

3. Where property properly assessed for taxation in certain years was sold for a failure to pay taxes in those years and in other years in which the assessments were improperly made, the joining of the legal and illegal items renders the levy excessive, and the entire sale void.

**Taxation—Validity of Sale—Effect—Possession.**

4. Where property unlawfully sold for taxes is not in possession of any one, the possession is referred to the title.

**Adverse Possession—Actual Possession—Sufficiency—Acts of Ownership.**

5. The keeping of a cutter and wagon when not in use upon a small unfenced lot in a small village, and the storing of lumber thereon while building a house on an adjoining lot, were liberties of a character frequently taken with vacant and unused lots in such towns, and the possession was casual, and not of a character to notify the true owner of an attempt to work a disseisin.

From Baker: WILLIAM SMITH, Judge.

Statement by MR. JUSTICE McBRIDE.

This is a suit by Frank E. Hodgkin against John Boswell to set aside a tax deed and remove a cloud from plaintiff's title to lot 4, in block 25, in the town of Vale, Oregon. The cause was heretofore before this court, and is reported in 57 Or. 88 (110 Pac. 487). At that hearing it was held that the court below should have allowed plaintiff to amend his complaint so as to show that the lot in question was not in the actual possession of any person at the time suit was begun, and the case was remanded, with directions to take such further proceedings as were not inconsistent with the opinion rendered. The court below then allowed the amendment. A demurrer to the amended complaint being overruled, defendant answered by a general denial, and the court re-referred the case; and upon the testimony taken on such reference and the testimony previously taken, found for the defendant, and plaintiff appeals.

REVERSED: DECREE RENDERED.

. Submitted on briefs without argument under the proviso of Rule 18 of the Supreme Court.   56 Or. 622 (117 Pac. XI).

For appellant there was a brief over the name of *Mr. George W. Hayes.*

For respondent there was a brief over the names of *Messrs. McCulloch, Soliss & Duncan.*

MR. JUSTICE MCBRIDE delivered the opinion of the court.

This suit was begun in December, 1906.  The tax sale under which defendant claims was made in January, 1901, and was for the delinquent taxes of 1895, 1896, 1897, 1898, and 1899; and the tax deed was delivered to the purchaser in January, 1903.  The property appears to have been assessed in 1895 and 1896 to Frank E. Hodgkin, the plaintiff.  In 1897 and 1898 it was assessed to F. E. Hodgkins, and in 1899 no description appears on the tax rolls, only the name "F. E. Hodgkins" and the figures "$1.10," but whether for real or personal property it is impossible to say.  The sale was in a lump sum for all these taxes, and the property was sold as the property of "F. E. Hodgkins."

1. The statutes in force at the time the sale was made substantially required the property to be described, listed, and assessed in the name of the owner.  "Hodgkins" and "Hodgkin" are not *idem sonans.   Marx* v. *Hanthorn,* 148 U. S. 180 (13 Sup. Ct. 508: 37 L. Ed. 410) ; *Troyer* v. *Wood,* 96 Mo. 478 (10 S. W. 42: 9 Am. St. Rep. 367) ; *State* v. *Griffie,* 118 Mo. 188 (23 S. W. 878) ; *Robson* v. *Thomas,* 55 Mo. 581; *Ducommun* v. *Hysinger,* 14 Ill. 249; *Brown* v. *Marqueze & Co.,* 30 Tex. 77.  In those cases it appears that "Hanthorn" and "Hawthorne," "Troyer" and "Tragar," "Griffin" and "Griffie," "Mathews" and "Mather," "Barnard" and "Barent," "Brow" and "Brown," are so dissimilar that one cannot be legally used for the other.  Both the names

"Hodgkin" and "Hodgkins" are common in this country, and are easily distinguishable. We are of the opinion that the assessments against plaintiff's property in the name of "F. E. Hodgkins" are void.

2. The failure to describe the property on the roll of 1899 is also fatal to that assessment. It will not do to say that evidence that F. E. Hodgkin's name appears on the roll opposite the indefinite charge of $1.10 is not evidence that the true name or true description of the property does not correctly appear somewhere else on the roll in the face of the fact that the authorities had been in the habit of assessing plaintiff under the name of "Hodgkins." The defendant's argument proves either too much or too little. If "F. E. Hodgkins" is a sufficient designation for Frank E. Hodgkin, then Frank E. Hodgkin's property has been sold under an assessment which utterly failed to describe the property assessed. If, on the other hand, "F. E. Hodgkins" is not a sufficient designation of "Frank E. Hodgkin," then his property has been sold for taxes assessed against another person. For both these reasons, we think the sale void.

3. It is true that for two years (1895 and 1896) the property appears to have been assessed against plaintiff under his correct name; but, where legal and illegal items are grouped together in a single sale, the whole sale is void on account of the excessive levy. We quote from Cooley, Taxation (2 ed.), p. 497:

"It has been shown in a preceding chapter that an excessive levy is void, whether it is made excessive by including with lawful taxes those which are unlawful, or in any other manner. If the levy would be void, there would, of course, be nothing to uphold a sale. And, if a valid levy were to be increased afterwards by unlawful additions, the sale would be equally bad. The statutory power is a power to sell for lawful taxes and lawful expenses, and, if it is exceeded by including unlawful items of either class, the power is exceeded, and its exercise is invalid *in toto* from the manifest impossibility

of saving the sale in part when the invalidity extends to the whole. It is to be presumed, when the sale has been made for a sum in part illegal, that some undefined and undefinable portion of the land has gone to satisfy an illegal demand, and that such part would not have been sold at all if only what was lawful had been called for."

We are of the opinion that plaintiff has shown sufficient possession to maintain this suit.

4. If the property is not in the actual possession of any one, the possession is referred to the title.

5. The evidence shows that at the commencement of this suit this was a vacant unfenced lot in a small village. Defendant kept a cutter and a wagon when not in use standing upon the lot for a great portion of the time after he purchased the property, and when building upon the adjoining property piled lumber upon some part of the said vacant lot; but liberties of this character are too frequently taken with vacant, unused lots in small towns to amount to a disseisin of the absent owner. As stated by Mr. Nourse, who built a drug store for defendant upon the adjoining lot, when asked if he obtained permission to pile material upon the lot in question:

"It wasn't our custom at those times to get permission from anybody to occupy a vacant lot. We just simply took possession."

Defendant's use of the lot was casual, and not unusual, and not of a character to notify the true owner of an intent to hold the property.

The decree of the circuit court is reversed, and a decree will be entered here in favor of plaintiff as prayed for in the complaint.         REVERSED : DECREE RENDERED.