Argued at Pendleton, May 9; modified July 23; rehearing denied
September 24; motion to recall mandate denied
December 10, 1929

## CHAS. R. PETERSON *v.* DAVID GRAHAM ET UX.

(279 Pac. 553, 282 Pac. 1084)

294

For appellant there was a brief and oral argument by *Mr. R. W. Swagler.*

For respondents there was a brief and oral argument by *Mr. Robert D. Lytle.*

McBRIDE, J. ▪ We have carefully examined the transcript and able briefs in this case, and are of the opinion that the assessment is valid; that the description of the property, although somewhat carelessly made, is valid; that the complaint on foreclosure is valid; and that the order of sale is apparently regular on its face, but we find an insuperable objection to the sale itself.

▪ The sheriff was not armed with the necessary authority to sell the property for the taxes of 1919.

§ 4354, O. L., after providing for the preliminary proceedings on foreclosure of tax certificates, contains, *inter alia,* the following provisions:

"The court shall give judgment and decree for such taxes, assessments, penalties, interest and costs, as shall appear to be due upon the several lots or tracts described in said summons and application for judgment and decree, and such judgment and decree shall be a several judgment against and lien upon each tract or lot, or part of a tract or lot, for each kind of tax or assessment included therein, including all penalties, interest and costs and such several judgments and decrees shall draw and bear interest at the same rate from the date of entry thereof as judgments or decrees for the payment of money under the laws of this state, and the court shall order and direct the clerk to make out and enter an order for the sale of such real property against which such judgment and decree is made, or vacate and set aside the certificate of delinquency or make such other order, judgment or decree as in law and equity may be just. Said order shall be signed by the judge, and a certified copy of such order, together with a list of the property therein ordered sold, shall be delivered to the sheriff of the county, and shall be full and sufficient authority for him to proceed to sell said property, * * *."

Now the certified copy, the original of which was signed by the judge, contains a direction to the sheriff to sell the property described for the taxes of 1918 instead of 1919 as it should have done. Giving full credit, notwithstanding the erasure of the figure "8" and the insertion of the figue "9" in the original, the fact remains that in the alleged copy, attached to the clerk's order, there was not only an entire omission to direct him to sell for the delinquencies of 1919 but a positive direction to sell for the delinquencies of 1918, which, as to this property, did not exist.

The order is the sheriff's writ of execution, and, though he disregarded the injunction of the writ and sold for the taxes of 1919, in spite of it, he could not be wiser than his writ and the sale was void. The sale is subsequent to the foreclosure decree and is not protected by it, and the sale conveyed no title. However, it has had the good effect of compelling Peterson to pay his delinquent taxes, and as the defendant has received all the money expended by him in paying plaintiff's delinquencies, he is not seriously harmed.

The decree will be modified so that upon the payment to defendants of the sum tendered by plaintiff, the sale will be set aside and declared void and of no effect, and as both parties are more or less in fault neither will recover costs here or in the court below.

MODIFIED. REHEARING DENIED.

BEAN, RAND and ROSSMAN, JJ., concur.

---

Rehearing denied December 10, 1929

ON PETITION FOR REHEARING AND MOTION TO RECALL MANDATE

(282 Pac. 1084)

For appellant Mr. R. W. Swagler.

For respondents Mr. Robert D. Lytle.

McBRIDE, J. This is a petition for a rehearing based principally on our holding that a sale of plaintiff's property upon an order of sale, issued by the clerk directing him to sell it for delinquent taxes, erroneously describing the sale to be for the delinquent taxes of 1918, did not authorize the sheriff to sell it for the taxes of 1919. Much learning is expended and

many authorities cited as to collateral attacks on judgments and decrees, but, so far as they apply to the case at bar, they are inapplicable insomuch as our opinion holds that the judgment here is substantially in accordance with the requirements of the statute in every particular; and that, so far as it is concerned, it is legally binding and not subject to attack, collateral or otherwise.

■ To make our position clear, we will restate those provisions of the statute which apply here. Section 4354, O. L., after providing in detail the procedure leading up to and including the final order, all of which we hold to have been regular, further provides as follows:

"* * * The court shall order and direct the clerk to make out and enter an order for the sale of such real property against which such judgment and decree is made, or vacate and set aside the certificate of delinquency, or make such other order, judgment or decree as in law and equity may be just. Said order shall be signed by the judge, and a certified copy of such order, together with a list of the property therein ordered sold, shall be delivered to the sheriff of the county, and shall be full and sufficient authority for him to proceed to sell said property."

This certified copy of the order is the sheriff's warrant to sell the property for taxes. It is his only warrant to sell, and, without it, he totally lacks authority to make a sale. It is similar in some respects to an execution in an ordinary civil case, but it must be remembered that the procedure in tax sales is *sui generis* and complete in itself. The law has not invested a buyer at a tax sale, who perhaps bids in his neighbor's property at a mere fraction of its value, with those equities which are extended to one who

recovers a judgment upon a debt due him. It may well be that in such a case an execution creditor may have his execution amended as to slight errors, and particularly upon notice, but here there is not a slight error, but an error both of omission and commission. The copy of the order, as delivered to the sheriff, not only failed to direct him to sell for the delinquency of 1919 but affirmatively directed him to sell for a delinquency of 1918, which did not, so far as the evidence advises us, exist. Until corrected, the order had no more effect than a blank sheet of paper. Let us suppose that the sheriff, finding that the court had entered an order of sale on the journal, had proceeded without a certified copy to sell the property named in the order directing the sale, would any one say that this was only an irregularity? At once, one would say no, and the reason is clear. He derives his final authority to sell for taxes from his warrant, which is a certified copy of the order. The objection here is not to an irregularity in the sale but to the lack of a warrant to sell, which the law says the sheriff must have. If there is any flaw in this logic, counsel, who is an able lawyer, failed to point it out.

■ As before intimated, there is a wide distinction to be observed between a sale under an execution issued upon an ordinary judgment and a sale upon a warrant, or order of sale upon a foreclosure of a delinquent tax certificate. In civil actions, the defendant, if a resident of the county, must be personally served with summons. In a proceeding to foreclose a delinquent tax certificate, he may be, and in this case was, served only by publication. In a civil action, the sheriff is required to make a return of his execution to the court, from which it issued, showing what was done in

pursuance of his writ. In a sale under the act providing for foreclosure of delinquent certificates, no return is required, and the court is not required to confirm the sale; and a deed, made by a sheriff whose proceedings are thus unscrutinized by judicial examination, is made *prima facie* evidence of the regularity of the sheriff's proceedings, and a form of such deed is prescribed which does not recite in detail the various steps which the sheriff is required to take to make a valid sale. The proceeding is drastic in the extreme and, while the courts, in view of the necessity of promptly collecting the taxes necessary for carrying on the function of government, have reluctantly held that such statutes are not in violation of the "due process of law" required by the constitution, this court has always strictly construed them and has never enlarged their scope beyond their actual terms.

Failure to pay taxes when due usually arises from the oversight of the property owner, or his failure to be apprised that the tax is due, or from poverty and consequent inability to pay; and, while none of these conditions legally excuse the fact of nonpayment, none of these omissions are such crimes against the revenue as to justify the courts in dispensing with the strict requirements of the law as to the authority and procedure necessary to deprive him of his property often sold at a tithe of its value, and especially where he must first reimburse the purchaser at the tax sale and that at a large interest for his outlay.

This is not a case where a purchaser, relying on the validity of the proceedings, had entered upon the land and made substantial improvements. Even in such a case, we are not prepared to say that such circumstances would raise an additional equity in favor

of such purchaser, because that fact is not in this case. Nor are we prepared to say what the effect would have been, had the court ordered an amendent *nunc pro tunc* of the tax warrant or order of sale, or what the effect of such an order would be upon other and noncontested sales, nor as to the effect the three years limitation would have had upon other sales because this suit was commenced within three years after the sale. We do not apprehend however any serious loss to the county revenues by reason of anything intimated or decided in this case. What we mean to say is that, where the law prescribes a certain thing to be done in order to give the sheriff authority to make a sale, such thing and not something else must be done, and that the omission to do the thing necessary to give the sheriff such authority, whether it arises from the mistake of the court, or its clerk, or other officer, will defeat a tax sale if suit be brought within three years from the date of the sale as it was in the present instance. Beyond this it is unnecessary to go.

 Counsel also calls attention to the fact, that, while the original complaint was filed within three years from the sale, no mention was made therein of the defect in the order of sale until the filing of an amended complaint on August 28, 1928, and claims that the suit as to this feature was barred by the three years limitation at the time the amendment was made, and that such amendment should not have been allowed.

The purpose of the suit was to remove a cloud on plaintiff's title, which he alleged was created by an invalid sale and the deed thereunder. The amendment was in line with the purpose of the complaint when the suit was begun, and there was no error in allowing the

amendment. It was within the discretion of the court with which we will not interfere. Counsel also calls attention to § 4372, O. L., which is as follows:

"*Sale for Taxes Validated.* All sales of land for taxes heretofore or hereafter made to counties or other public corporations are hereby declared legal and valid, and they shall pass good title to the lands assessed. No proceedings subsequent to a judgment or decree foreclosing a tax lien or liens shall be invalidated and no tax deed declared void or set aside for irregularities, omissions or defects except where the record owner of the land sold shall have been actually misled by such irregularities, omissions or defects to his injury."

We apprehend that this applies only to irregularities, omissions or defects not going to or affecting the authority of the sheriff to sell, and does not affect a case like the present one where there was an entire lack of authority in the warrant and order furnished the sheriff to sell for the taxes of 1919. Any other construction would leave the sheriff at liberty to sell without any order whatever.

It is not our custom and time does not usually permit us to hand down lengthy opinions upon rehearings, but in the present instance the petition has been presented in evident good faith and urged with much ability and plausibility, and is a matter of some public interest so that its consideration seems worthy of more than passing notice.

We are satisfied with the former holding and the petition for rehearing and the motion to recall the mandate will be denied.

REHEARING DENIED. MOTION TO RECALL MANDATE DENIED.