Argued May 31; reversed July 9; rehearing denied
July 30, 1935

# WATSON *v.* JANTZER ET AL.
(47 P. (2d) 239)

[1]

*George M. Roberts*, of Medford (William M. McAllister, of Medford, on the brief), for appellant.

*G. A. Codding* and *F. J. Newman*, both of Medford (G. W. Neilson, of Medford, on the brief), for respondents.

CAMPBELL, C. J. This is a suit to quiet title to a parcel of land in Jackson county, Oregon. There was a tax certificate of delinquency against the land for the taxes for the year 1926, this certificate of delinquency having been thereafter foreclosed and the land sold to the county. Thereafter the county sold the land to defendant George L. Jantzer.

Plaintiff's complaint challenges the validity of the sale, and asks that the deed executed thereunder be declared void. The validity of all proceedings leading up to the foreclosure is conceded.

It appears that Jackson county was the holder of a large number of tax certificates of delinquency against various parcels of land for the taxes for the year 1926. In February, 1931, these certificates of delinquency

not having been redeemed by the owners of the land, the county filed suit to foreclose the same, making the owners, of the various tracts of land, defendants.

"* * * and any person holding more than one certificate of delinquency issued against different tracts of land in the same county may include all such certificates in one proceeding to foreclose, whether service be personal or by publication, * * *." Oregon Code 1930, § 69-807.

An order was obtained for service of summons by publication.

"* * * provided, that for the purpose of this section and in all foreclosures by a county summons may be served or notice given exclusively by publication in one general notice, describing the property as the same is described on the tax rolls. * * *." Oregon Code 1930, § 69-816.

Summons was directed to the several delinquent owners, many of whom, when apprised by the first issue of the publication, appeared and redeemed by paying the amount of delinquency and proportionate share of the costs: Oregon Code 1930, § 69-819. Those who thus redeemed were deleted from the summons in the later publications.

■ Plaintiff contends that failure to publish the summons as the publication was ordered rendered the foreclosure proceedings void.

There is no merit in this contention. So far as plaintiff herein is concerned, it was the identical summons so far as he and the parcel of land that he owned were affected. The summons notified him and the public that the county was foreclosing a tax certificate of delinquency against his property. It would be a vain thing and a useless expense to continue to publish the notice to the landowner who had redeemed, and the public, as the land so redeemed was no longer for sale.

It is admitted that the sheriff did not mail to or serve personally a copy of the summons as published, or any other notice, on any of the defendants in said foreclosure suit. Plaintiff contends that the failure so to do is fatal to the court's jurisdiction to foreclose.

■ Proceedings for foreclosure of tax certificates of delinquency are complete in themselves (*Peterson v. Graham*, 131 Or. 290 (282 P. 1084)), and are *in rem.*: Oregon Code 1930, § 69-816; *Rae v. Morgan,* 125 Or. 644 (266 P. 1069, 267 P. 1072).

In 1923, the legislature enacted a law amending § 4351, O. L., and covering the subject of the procedure of foreclosure of tax certificates of delinquency, which provided among other things:

"That for the purpose of this section and in all foreclosures by a county summons may be served or notice given exclusively by publication in one general notice, describing the property as the same is described on the tax rolls. Such summons or notice shall be published once a week for six consecutive weeks, and it shall not be necessary to mail any copy of such summons or application to any defendant named * * * therein in such county foreclosure." General Laws of Oregon, 1923, chapter 276.

This law was in full force and effect without qualifications until 1927. At its session in 1927, the legislature again legislated on the subject of foreclosure of tax certificates of delinquency and reenacted the same provision in regard to service of summons as in 1923: General Laws of Oregon, 1927, chapter 214. This enactment was known as House Bill 67. It was approved by the governor and filed in the office of the secretary of state March 3, 1927. At the same session

of the legislature there was enacted another law affecting the same subject.

"The sheriff of the county, within ten days after the first publication of summons in suits to foreclose tax certificates of delinquency by the county, shall forward by mail to each owner of any of the property upon which foreclosure is begun a copy of the published summons at the last known address of such owner, as shown by the latest assessment roll, or other records in the tax collector's office showing such party's name, and if such address is not shown by any of such records and is unknown, then to such owner at the county seat, and said sheriff shall make and file in said cause his return of mailing such summons." General Laws of Oregon, 1927, chapter 355.

■ This act was approved by the governor and filed in the office of the secretary of state March 3, 1927. It was an independent statute, not purporting to amend or repeal any other statute. It was known as House Bill 571, and should be considered a later legislative expression on the subject. It repealed by implication the earlier provision for service by publication only, found in chapter 214, General Laws of Oregon, 1927.

At its session in 1929, the legislature again took up the subject of procedure in foreclosure of tax certificates of delinquency and again enacted the following provision:

"That for the purpose of this section and in all foreclosures by a county summons may be served or notice given exclusively by publication in one general notice, describing the property as the same is described on the tax rolls. Such summons or notice shall be published once a week for not less than four successive weeks, and it shall not be necessary to mail any copy of such summons or application to any defendant named * * * therein in any such county foreclosure." General Laws of Oregon, 1929, chapter 150.

There was no repealing clause in this statute nor did it mention chapter 355 of the General Laws of Oregon, 1927.

 Counsel for appellant contends that chapter 355, supra, was still in full force and effect at the time the county foreclosed the certificates in question. There is an irreconcilable conflict between the provision for the service of summons in the laws of 1929 and those in chapter 355, supra. The provision in one is repugnant to that of the other. It is the duty of the court to give effect to the intent of the legislature where the same may be gathered from the language used. And only when the two statutes are absolutely repugnant to each other, will a repeal by implication be considered, and if any other result can be arrived at by any other construction which is fair and reasonable the courts will not countenance the implied repeal. But where such construction can not be made, then the courts will give effect to the later legislative expression: *Fleishner v. Chadwick*, 5 Or. 152; *Columbia River-Longview Bridge Company v. Wellington*, 140 Or. 413 (13 P. (2d) 1075). Repeals by implication are not favored by the courts but repeals by judicial decision are still more objectionable. In order to hold that the sheriff within ten days after the first publication of summons shall forward by mail to each owner of any property upon which foreclosure is begun, a copy of the published summons, we would have to say that the provision of chapter 150 of the General Laws of Oregon, 1929, providing for the exclusive notice by publication and that it is not necessary for the sheriff to mail such copy of summons, was of no effect or surplus verbiage. The service of summons in the foreclosure suit was sufficient to give the court jurisdiction.

The appellant next contends that the amount of costs and disbursements taxed against his lands, in the foreclosure proceedings, was beyond the authority of the court, and assessed on an unverified cost bill.

■ The foreclosure suit was by the county against about one hundred seventy-five defendants. The law provides that in taxing costs, chapter 6, title VII, Oregon Code 1930, shall be applicable to such suits, and provides further that the costs and disbursements of each suit shall be prorated among the defendants:

"The amount of which shall be determined by the court prior to the entry of judgment and decree, upon cost bill filed by the county * * * and such amount taxed by the court against each such several lot and tract shall be adjudged by the court and included in the judgment and decree." Oregon Code 1930, § 69-815.

"When several actions shall be prosecuted for the same cause of action, against several parties who might have been joined as defendants in the same action * * * costs shall not be allowed such plaintiff in more than one of such actions * * *." Oregon Code 1930, § 7-603.

Where the several parties were actually joined, only one prevailing attorney fee should be allowed as costs. It appears that in the foreclosure suit the court allowed a prevailing fee of $5 against each of the defendants. This was clearly a violation of defendant's right, and an unlawful addition to the amount of tax for which the property was sold. It was such an addition as to render the sale void: *Walton v. Moore,* 58 Or. 237 (113 P. 58, 114 P. 105). Defendant had no notice that such a judgment would be entered against his land.

"And if a valid levy were to be increased afterwards by unlawful additions, the sale would be equally bad. The statutory power is a power to sell for lawful taxes and lawful expenses, and if it is exceeded by including unlawful items of either class, the power is

exceeded and its exercise is invalid in toto from the manifest impossibility of saving the sale in part when the invalidity extends to the whole, or at least voidable, unless it is otherwise provided by statute, no matter how small is the illegal element that enters into the demand. The maxim de minimis cannot be applied so as to prevent a slight excess from invalidating the sale. It is to be presumed, when the sale has been made for a sum in part illegal, that some undefined and undefinable portion of the land has gone to satisfy an illegal demand, and that such part would not have been sold at all if only what was lawful had been called for.'' 3 Cooley on Taxation § 1388; *Hodgkin v. Boswell,* 63 Or. 589 (127 P. 985).

 Costs and disbursements should be taxed upon a cost bill filed by the county. An unverified statement of costs and disbursements is not a cost bill as contemplated by the statute. And this is so whether the court or clerk taxes the costs. Respondent contends that the allowance of such costs is only an irregularity which the statute estops the taxpayer from contesting after judgment.

''Any judgment or decree for the sale of real estate shall estop all parties from raising any objections thereto, or to a tax title based thereon, which existed at or before the rendition of such judgment and could have been presented as a defense to the application for such judgment or decree in the court wherein the same was rendered, and shall estop all persons from raising any objections as to the amount of the taxes, assessments, penalties, interest or costs due or collectible at the date of the entry of such judgment or decree; and as to all such questions the judgment or decree itself shall be conclusive evidence of its regularity and validity in all collateral proceedings, except in cases where the tax or assessments have been paid, or the real estate was not liable to the tax or assessment, and the judgment or decree shall be prima facie evidence that the tax or assessments have not been paid

and that the real estate conveyed was subject to taxation at the time the same was assessed.'' Oregon Code 1930, § 69-829.

The taxpayer in default had no opportunity to present any objection to the cost bill at the time the decree was entered. He was not served with a copy; he had no way of knowing that the county was about to add an unwarranted amount of costs to the decree against his land. Oregon Code 1930, § 69-829, does not apply to the facts in the instant suit. The procedure for divesting title is in derogation of the common law and must be strictly construed.

■ It needs no citation of authority to support the principle that the legislature may cure retrospectively irregular tax proceedings, but cannot validate void proceedings: *Peterson v. Graham,* supra.

■ The undisputed testimony is that the real estate in question which the county, after attempting to divest plaintiff of the title thereto, sold to defendant for the sum of $69, was at that time of the value of upwards of $2,000. The disparity between the price it was sold for and its value is a proper matter to take into consideration: *Umatilla County v. Williams,* 138 Or. 548 (6 P. (2d) 879).

■ Respondent also contends that the irregularity of entering judgment for an excessive amount of costs is cured by the following statutory provision:

''All sales of land for taxes heretofore or hereafter made to counties or other public corporations are hereby declared legal and valid, and they shall pass good title to the lands assessed. No proceedings subsequent to a judgment or decree foreclosing a tax lien or liens shall be invalidated and no tax deed declared void or set aside for irregularities, omissions or defects except where the record owner of the land sold shall have

been actually misled by such irregularities, omissions or defects to his injury." Oregon Code 1930, § 69-841.

Again we say that this section could only cure irregularities and is not applicable where the land is sold for a tax that was unlawfully increased by the addition of unwarranted costs: *Peterson v. Graham,* supra; *Walton v. Moore,* supra.

Holding, as we do, that the foreclosure sale was void by reason of the addition of excessive costs, it is unnecessary to pass upon the other propositions raised by appellant.

The appellant has tendered into court the sum of $69, the amount for which the property was sold to defendant Jantzer. The sale under the foreclosure being void and set aside, this court has no authority to order the county to accept any amount less than the amount of taxes, interest and penalties actually due. Any compromise must be effected through those authorized to act for the county.

The decree of the circuit court will be reversed and the cause remanded with instructions to enter one setting aside and holding void the sale of plaintiff's land to the county, and also the sale of the same real estate by the county to defendant Jantzer, and reinstating the tax certificates of delinquency so far as plaintiff's land is concerned as if no foreclosure had taken place. Neither party will recover costs in this court.

It is so ordered.