Argued June 17; affirmed June 30, 1936

# BARBER *v.* NEWBEGIN

(58 P. (2d) 1254)

*W. L. Cooper,* of Portland, for appellant.

*C. C. Hall,* of Portland (Robert A. Leedy, of Portland, on the brief), for respondent.

CAMPBELL, C. J.  On December 24, 1934, defendant became the owner by *mesne* conveyances of the following described real property:

"A part of the D. L. C. of James Barker in Section one (1), Township one (1), South of Range One (1) West, Willamette Meridian, and more particularly described as follows:

Beginning at a stone on the south line of a 50 acre tract sold by James Barker to James K. Kelly, the same being the northeast of a 50 acre tract belonging to A. H. Johnson in the aforesaid D. L. C., thence east on the south line of the said Kelly tract 90 links to a stake on the north line of the County Road, thence north 53 degrees east 4.77 chains to a stone, the same being the southeast corner of the said Kelly tract on the north line of the County Road, thence east 15 links to the west line of Erick Fogerstrom's land; thence south 22.60 chains to a stake on the south line of the said D. L. C., thence west 4.40 chains to the southeast corner of said A. H. Johnson tract and thence north 20 chains to the place of beginning, containing 9.19 acres of land, lying and being within the County of Washington, State of Oregon."

On December 29, 1934, Washington County began suit in the circuit court for that county to foreclose a certificate of delinquency for taxes assessed against said property, naming defendant's grantor as the owner of such property. Summons was served by publication and in due time default and decree was entered for the amount due on the certificate of delinquency and all subsequent taxes and for costs and disbursements. Thereafter the sheriff of Washington county sold said property to plaintiff herein for the sum of $94.45, that being the full amount specified in the decree. There is no evidence that either defendant or his grantor had actual notice.

On January 24, 1935, plaintiff began this suit to quiet title, claiming ownership by virtue of said tax deed, and alleged that defendant claimed some interest in the property.

In due time, defendant filed her answer denying the ownership of plaintiff. For a further answer and counterclaim, she alleged in effect, that she was the owner in fee simple of said property. She further alleged that the proceedings taken by Washington County to foreclose the certificate of delinquency were void because the costs of such foreclosure were added to the amount due for taxes and entered in the decree and were not equitably apportioned and that no cost bill had ever been filed in said foreclosure proceeding; that the sheriff, in offering said property for sale, did not first offer the least portion that anyone would accept and pay the taxes; that the property was reasonably worth the sum of $1,500, and was sold for $94.45, a sum much less than, and out of proportion to, the value of the property. She tendered into court the sum of $101 for payment of all taxes and interest on said property accruing to date of tender. She asked that the tax deed be cancelled and that she be declared the owner of the property, free from any tax lien of Washington County.

Thereafter the cause came on for hearing, and after full hearing the court made finding to the effect that defendant was the owner in fee simple of said property; that costs and disbursements had been taxed but that no cost bill had been filed in said foreclosure proceedings; that the sheriff offered said property for sale in accordance with the law; that the reasonable value of the property was $1,200.

As conclusions of law, the court found that the defendant was entitled to a decree declaring her to be the

owner of the property free from encumbrances of said tax liens, and the clerk of the court should pay to the plaintiff so much of the sum tendered into court by defendant necessary to reimburse plaintiff for the sum paid at said delinquent tax sale of said property, with 12 per cent interest *per annum* to the date of tender. The court entered a decree in favor of defendant in accordance with his findings and conclusions. Plaintiff appeals.

The only questions raised by the record and presented by the briefs, in this case, are: (1) Was the property offered for sale at the tax foreclosure sale in accordance with law? (2) Did the court in the tax foreclosure proceedings have authority to assess costs when no cost bill had been filed therein? (3) Was the price paid at the tax sale for the property greatly disproportionate to its value?

It is admitted that the only title plaintiff had to said property was by virtue of said sale and sheriff's tax deed.

No complaint is made of any irregularities in connection with the levying and assessment of the taxes or the issuance of the certificate of delinquency.

The trial court found that the sheriff offered the property for sale in accordance with law, and there was ample testimony to support that finding so we need not further concern ourselves with that question. The court also found that the reasonable value of the property sold was $1,200. The evidence clearly and preponderatingly supports that finding.

It is admitted by appellant that no cost bill was filed in the foreclosure proceedings of the certificate of delinquency.

The law provides:

"In foreclosures, under the provisions of this act, the provisions of chapter 6 of title VII, as to costs and disbursements, shall be applicable; provided further, that in foreclosure cases instituted by a county in which all property delinquent is proceeded against as provided in this act, the court shall include in the judgment and decree of foreclosure against each several lot and tract the proportionate amount of the costs and disbursements properly taxable thereto, the amount of which shall be determined by the court prior to the entry of judgment and decree, upon cost bill filed by the county and served on any party or parties contesting the foreclosure proceedings, and such amount taxed by the court against each such several lot and tract shall be adjudged by the court and included in the judgment and decree." Oregon Code 1930, § 69-815.

Section 7-609, Oregon Code 1930, reads as follows:

"Costs and disbursements shall be taxed and allowed by the court or judge thereof in which the action, suit, or proceeding is pending. No disbursements shall be allowed to any party, unless he shall serve on such adverse party or parties as are entitled to notice by law, or rule of the court, and file with the clerk of such court within five days after the rendition of the judgment or decree, a statement, with proof of service thereof, if notice to the adverse party is required, indorsed thereon or attached, * * *. Such statement of disbursements may be filed with the clerk at any time after said five days, but not later than the first day of the next regular term of the court occurring after the expiration of said five days; but in such case, such statement must be served on the adverse party or parties whether he or they shall have appeared or not."

It is contended by appellant that it is not necessary to file a cost bill when the opposing party failed to appear and contest the foreclosure, and that then it need

only be served upon the appearing party. § 7-609, above quoted, provides that if a party has appeared the cost bill must be served upon him and filed within five days. If the cost bill is not filed within five days, then no disbursements will be allowed unless the cost bill is served on the non-appearing party: § 7-609, supra [which is made applicable to foreclosure proceedings of this nature by § 69-815, supra]. The cost of publishing the summons is a disbursement and cannot be allowed unless a cost bill is filed; it cannot be considered as an officer's fee.

On foreclosure of certificates of delinquency, where more than one certificate is being foreclosed in one suit the statute [§ 69-815] does not provide how the costs shall be apportioned. The court cannot apportion the costs where no cost bill has been filed. Where a cost bill has been filed, the court determines and includes in the decree the "proportionate cost".

■ The addition of an unauthorized sum to the amount of taxes due renders the sale void: *Walton v. Moore,* 58 Or. 237 (113 P. 58, 114 P. 105); *Hodgkin v. Boswell,* 63 Or. 589 (127 P. 985); *Watson v. Jantzer,* 151 Or. 1 (47 P. (2d) 239).

■ The amount charged against the property and included in the decree of foreclosure, as costs, was $1.40. The court had no authority to assess this amount without a duly verified cost bill having been filed.

■ In proceedings against property, *in invitum,* the statute must be strictly complied with. It will not do to say that the addition of disbursements to the amount of the tax, without a cost bill having been filed, is a small matter, and that the law should not concern itself with it: *Walton v. Moore,* supra. It is no little thing to take property of the value of $1,200 from one person

and transfer it to another for the sum of $94.45. Especially is this true when the person from whom the county is taking the property has tendered into court a sufficient sum of money to reimburse the purchaser in the full amount of the purchase price with interest at the rate of 12 per cent *per annum* during the time the purchaser was out his money.

"As there must be express statutory authority for selling lands for taxes, and as such sale is in the nature of an *ex parte proceeding,* there must be, in order to make out a valid title, a substantial compliance with the provisions of the law authorizing the sale. A statutory power, to be validly executed, must be executed according to the statutory directions. It is, no doubt, true that there may be provisions in tax laws that are made in the interest of the public, and which do not concern the taxpayer; and a failure to punctiliously observe them may furnish him with no just ground of complaint. But the well established rule is, as above stated, that observance of every safeguard to the owner created by the statute is imperatively necessary." *Marx v. Hanthorn,* 148 U. S. 172 (13 S. Ct. 508, 37 L. Ed. 410).

5. The disparity between the price paid and the reasonable value of the property will cause the court to closely scrutinize the proceedings under which the transfer was made: *Watson v. Jantzer,* supra.

The decree of the circuit court will be affirmed. Respondent will recover her costs and disbursements. It is so ordered.

RAND, BAILEY and ROSSMAN, JJ., concur.