Argued September 9; affirmed September 15, 1936

## WING *v.* PARROTT ET AL.

(60 P. (2d) 603)

*Walter E. Hutchinson*, of Hillsboro (Dean H. Dickinson, of Portland, on the brief), for appellants.

*Wm. G. Hare*, of Hillsboro (Fred J. Meindl and Bagley & Hare, of Hillsboro, on the brief), for respondent.

KELLY, J. The premises involved herein are described as follows:

"Beginning at a point in the south boundary line of the northwest quarter of Section 24, in township 1 S. R. 1 West of the Willamette Meridian, said point being situated 1262.5 feet east of the quarter section corner between sections 23 and 24 in the said township and range; running thence in a northerly direction and at a right angle to said line a distance of 342 feet,

more or less, to the south boundary line of the Oregon Electric Railway Company's right-of-way; thence in an easterly direction on a curve to the right, radius of said curve being 2834.93 feet, a distance of 134 feet; thence in a southerly direction and parallel to the west boundary line of said described tract a distance of 319 feet to the south boundary line of said quarter section; thence west a distance of 132 feet to the place of beginning, containing one acre, also a serviceable right-of-way for all uses and purposes connected with the said acre tract across and upon the land lying east of said tract along the south boundary lines of the Oregon Electric Railway Company's right-of-way to the present crossing of the Oregon Electric Railway Company at Firlock Station as now established; Subject at all times, however, to a serviceable right-of-way heretofore conveyed to Earnest F. Tucker.''

■ It is conceded that plaintiff owned these premises for some time prior to and upon the 24th day of May, 1935, at which time they were sold to defendants at a tax foreclosure sale. The validity of this sale is challenged by plaintiff. Included in the amount charged against the property, and for which the sale was decreed, is the sum of $1.40 disbursements. No verified cost bill was filed.

The addition to the amount of taxes of this unauthorized sum rendered the sale void: *Barber v. Newbegin,* ante p. 55 (58 P. (2d) 1254).

■ The trial court found that the said premises were of the value of $4,000. The sale upon tax foreclosure was made for $260.79. Because of the disparity between the amount bidden at the tax sale and the reasonable value of the property, the court closely scrutinizes the proceedings upon which the tax sale is based: *Barber v. Newbegin,* supra.

Plaintiff has tendered into court $300.62 to reimburse defendants. In the light of the foregoing facts, upon the authority of *Barber v. Newbegin,* supra, the decree of the circuit court is affirmed. It is ordered that neither party hereto recover costs or disbursements herein.

CAMPBELL, C. J., not sitting.