Argued September 15, 1938; modified January 4, 1939

# SMITH *v.* CARLSON ET AL.

(85 P. (2d) 1028)

384

*Roy Harland,* of Salem (W. C. Winslow, of Salem, on the brief), for appellant.

*Allan G. Carson* and *George L. Belt,* both of Salem (Herman E. Lafky, Carson & Carson, and George L. Belt, all of Salem, on the brief), for respondents.

BEAN, J. Plaintiff assigns that the court erred in making and entering a decree herein dismissing plaintiff's suit. Plaintiff submits that in a tax foreclosure suit there are only a judgment and order of sale, and the sheriff's deed is prima facie evidence of the regular entry of the sale and all antecedent proceedings, citing §§ 69-820 and 69-828, Oregon Code 1930.

Such a sheriff's deed is only prima facie evidence of the regularity of the sale and of the antecedent proceedings and may be attacked on account of invalidity shown in the record. There are several defects claimed by defendants in the foreclosure proceedings. It will be necessary to notice only a portion of them.

Defendants contend, among other things, that the decree and notice of sale are defective and void as to

the defendants Oscar Carlson and Hanna Carlson. The decree of foreclosure as to defendants Oscar Carlson and Hanna Carlson, as shown by Exhibit 2, is as follows:

"Oscar Carlson & Hanna Carlson, (Assess Current Roll), 62 acres in Sec. 25, Tp. 6, S. R. 1 W. of the Willamette Meridian, in Marion County, Oregon, more particularly described in Book 163, Page 572, and Book 171, Page 234, Record of Deeds for Marion County, Oregon; Page 3 of Delinquent Certificate in Book form numbered pages 1 to 49 inclusive, issued to Marion County, State of Oregon, November 24, 1934, for taxes 1930 and years prior thereto, years and amounts, to-wit: 1930, $116.88, with penalty $.70, with interest to November 24, 1934, $13.25, with 8% per annum interest from December 1, 1934, and the further sum of $2.50 as costs herein;   *   *   *"

The notice of sale followed the description in the decree. The foreclosure decree against defendants is for the 1930 tax, "$116.88, with penalty $.70 with interest to November 24, 1934, $13.25, with 8 per cent per annum interest from December 1, 1934, and the further sum of $2.50 as costs herein." It will be noticed that the decree does not specify whether the 8 per cent per annum is to be computed on the $13.25 or upon the $116.88, or on both of said amounts. It provides for 8 per cent interest from December 1, 1934, but it does not specify for what time the 8 per cent would be computed, but presumably until paid. The decree is indefinite as to the amount that the defendants would be required to pay to redeem their property from the tax sale.

There was a cost bill in the possession of the court, but at the time of the entry of the decree it was not then verified. It was filed and verified on November 23, 1935, which contained the charge, "Advertising,

(Cost of Publication of Summons in the Oregon States-
man, a Newspaper in Salem, Marion County, Oregon)
$1826.00.'' There being over 1,100 parcels of property,
if a charge of $2.50 is made for each parcel, it would
amount to $2,750 for publishing a summons, the true
charge for which was $1,826. The cost should have been
apportioned to the defendants at about two thirds of
$2.50, or $1.66.

Section 69-815, Oregon Code 1930, provides as
follows:

'' * * * In foreclosures, under the provisions of
this act, the provisions of chapter 6 of title VII, as to
costs and disbursements, shall be applicable; provided
further, that in foreclosure cases instituted by a county
in which all property delinquent is proceeded against
as provided in this act, the court shall include in the
judgment and decree of foreclosure against each several
lot and tract the proportionate amount of the costs and
disbursements properly taxable thereto, the amount of
which shall be determined by the court prior to the
entry of judgment and decree, upon cost bill filed by
the county and served on any party or parties con-
testing the foreclosure proceedings, and such amount
taxed by the court against each such several lot and
tract shall be adjudged by the court and included in the
judgment and decree.''

■■ The cost of publication was not prorated or a
proportional division of the actual cost for defendants
to pay ascertained. The costs of $2.50, taxed against the
defendant taxpayers' property, were excessive. The
foreclosure proceeding as to it is void: *Walton v.
Moore,* 58 Or. 237, 240, 113 P. 58, 114 P. 105; *Barber v.
Newbegin,* 154 Or. 55, 58 P. (2d) 1254. In the last cited
case, at page 60, we find: ''The addition of an un-
authorized sum to the amount of taxes due renders the
sale void.'' Citing *Walton v. Moore,* supra; *Hodgkin v.*

*Boswell,* 63 Or. 589, 127 P. 985; *Watson v. Jantzer,* 151 Or. 1, 47 P. (2d) 239.

This rule is sustained by the great weight of authority in other jurisdictions. In a note in 97 A. L. R. 842, we read the following:

"According to the majority view, a tax sale at which property is sold for more than the amount of taxes, penalties, and costs, is invalid. The rule *strictissimi juris* being generally applied, the slightest variation is considered sufficient to invalidate the sale."

██ Statutes providing for sale of property for delinquent taxes are strictly construed and never enlarged beyond their actual terms. Omission to do what the law prescribes to give the sheriff authority to sell realty for delinquent taxes, whether arising from mistake of the court, his clerk or other officer, will defeat a tax sale: *Peterson v. Graham,* 131 Or. 290, 279 P. 553, 282 P. 1084.

██ The testimony shows that the value of the land involved was between five and six thousand dollars. There is a great disparity between the value of the property and the amount paid for it by plaintiff. Therefore a court will scrutinize the proceedings under which the transfer is made: *Watson v. Jantzer,* supra. It was appropriate for the defendants to amend their pleadings so as to include a tender of the amount paid.

Our view as to the questions to which we have referred renders it unnecessary to consider the other questions submitted.

█ It was assigned that it was error for the court to permit the defendants to draw down the amount of the tender. This is a suit in equity and it would be inequitable for the defendants to retain the land and

also the amount that the plaintiff paid for the purchase. In *Bagley v. Bloch,* 83 Or. 607, 163 P. 425, the court passed on the validity of a tax foreclosure, declared it invalid and remanded the cause to the lower court with directions that the one claiming ownership as against the tax title purchaser pay the purchase price within 60 days, as a condition of the removal of the tax lien from his property.

The defendants should be required to pay the amount of the purchase price paid by the plaintiff, together with interest to date of such payment. For this purpose the cause will be remanded to the circuit court to require defendants to pay the amount paid by the tax title purchaser, with interest to date of such payment, within 60 days from the date of filing the mandate in the lower court, or that, in failing to make such payment, the decree will be reversed and one rendered in favor of the plaintiff.

With the modification suggested, the decree of the circuit court will be affirmed.

Under the circumstances of this case, following the lead of the circuit court, no costs will be awarded to either party.

RAND, C. J., and BAILEY and LUSK, JJ., concur.