Argued January 3; affirmed January 16, 1940

# CHILDS *v.* MARION COUNTY ET AL.

(97 P. (2d) 955)

In Banc.

*David J. Wied* and *George McLeod*, both of Salem, for appellant.

*James G. Smith* and *John F. Steelhammer*, Deputy District Attorney, both of Salem (Lyle J. Page, District Attorney, and George L. Belt, both of Salem, on the brief), for respondents.

*James R. Bain*, District Attorney, and *Frank S. Sever*, Deputy District Attorney, both of Portland, amici curiae for Multnomah County.

LUSK, J. In this proceeding brought under the declaratory judgment act (Title II, Ch. XIV, Oregon Code 1930) we are asked to construe certain language contained in Oregon Laws 1939, Ch. 485, which is a comprehensive statute providing a uniform method for the foreclosure of liens for delinquent taxes on real property in this state. The sections of the statute called in question read as follows:

"Section 2. Within four months after the day of delinquency of taxes of each year the tax collector shall prepare a list of all real properties then subject to foreclosure. Such list shall be known as the 'foreclosure list' and shall contain the names of the several persons appearing in the latest tax roll as the respective owners of tax-delinquent properties, a description of each such property as the same appears in said latest tax roll, the year or years for which taxes are delinquent on each property, together with the principal amount of the delinquent taxes of each year and the amount of accrued and accruing interest thereon to the day six months after the day of delinquency of taxes of the latest year. Thereafter interest shall be charged and collected on each of the several amounts of taxes included in said foreclosure list at the rate of 8 per cent per annum.

"Section 3. On the day which is six months after the day of delinquency of taxes of the latest year, the tax collector, with the assistance of the district attorney, shall institute proceedings to foreclose the liens for all the delinquent taxes against each of the several properties included in such foreclosure list. The state tax commission shall have general supervision and control over tax foreclosure proceedings under this act, to the end that such proceedings shall be conducted in a uniform and orderly manner in all counties of the state."

The plaintiff is a taxpayer of Marion county and the defendants are the county, and its sheriff and tax collector, the district attorney, and the members of the county court. The pleadings disclose that the tax collector has prepared a "foreclosure list", as required

by Section 2 of the statute, and that the county, through its proper officers, is about to institute foreclosure proceedings. The plaintiff seeks a declaration that the defendants are proceeding in disregard of the provisions of the statute, because the foreclosure list was not prepared "within four months after the day of delinquency of taxes" which became delinquent in 1938, and the suit will not be commenced until more than six months after the day of such delinquency. The defendants, on the other hand, insist that the provisions of the statute fixing the times at which these acts shall be performed are directory, not mandatory, and that failure to comply with them literally will not invalidate the proceedings.

■ The day of delinquency of the latest year was December 16, 1938. Consequently, if these provisions are to be strictly followed, the foreclosure list must have been prepared by April 16, 1939, and the suit commenced on June 16, 1939. But, as the act did not take effect until June 14, 1939, a literal compliance with the statute in the year 1939 was an impossibility. Recognizing this, the plaintiff argues that the legislature must have intended to postpone the operation of the law until the year 1940. We cannot concur in this conclusion for the obvious reason that the legislature would in that event, by appropriate language, have given expression to such an intention. Not having done so, a cogent argument is presented in favor of the view that the provisions in question are merely directory.

■ The principle of construction applicable to this subject is thus well stated in 2 Lewis' Sutherland Statutory Construction (2d Ed.) 1116, § 611:

"Unless a fair consideration of a statute, directing the mode of proceeding of public officers, shows that

the legislature intended compliance with the provision in relation thereto to be essential to the validity of the proceeding, it is to be regarded as directory merely. Those directions which are not of the essence of the thing to be done, but which are given with a view merely to the proper, orderly and prompt conduct of the business, and by the failure to obey which the rights of those interested will not be prejudiced, are not commonly to be regarded as mandatory; and if the act is performed, but not in the time or in the precise mode indicated, it will still be sufficient, if that which is done accomplishes the substantial purposes of the statute.''

■ While the mandatory ''shall'' is used in these sections, there are no negative words importing that the acts shall not be done at any other time than those designated, nor can it be seen in what way the preparation of the foreclosure list and the commencement of the suits at subsequent dates will operate to the prejudice of any taxpayer. We think that the provisions were ''designed to secure order, system and dispatch in proceeding'', and, while the legislature undoubtedly intended that public officers should obey them, otherwise they would not have been enacted, it was not the intention, we think, to stamp them with the character of essential acts, the failure to perform which at the exact times prescribed would vitiate everything that might thereafter be done.

The following authorities support this conclusion: *Mothershead v. Young*, 114 Or. 15, 234 P. 299; *State ex rel. v. Johnson*, 80 Or. 107, 156 P. 579; *French v. Edwards*, 13 Wall. 506, 20 L. Ed. 702; 2 Cooley, ''Taxation'', (4th Ed.) 1133, § 510.

■ The validity of the proceedings is further challenged because of the omission from the foreclosure list of certain parcels of real property included in a previ-

ous tax foreclosure suit in which the sale was held void by this court in *Smith v. Carlson*, 160 Or. 383, 85 P. (2d) 1028. The basis of this attack is the requirement in Section 2 of Chapter 485 that "the tax collector shall prepare a list of all real properties then subject to foreclosure." Whether the properties involved in the suit of *Smith v. Carlson* are still subject to foreclosure on account of the delinquent taxes which were the basis of that suit, it would not be proper to determine here, because the parties to that suit are not now before the court. For present purposes it need not be determined, because we are of the opinion that under the principles of law to which we have heretofore adverted the provision that "all real properties then subject to foreclosure" shall be included in the foreclosure list, is directory, not mandatory. No possible prejudice could result to any taxpayer from the failure to observe that provision with literal fidelity. If the plaintiff's view were to be adopted, then it would follow that in every case where, through inadvertence or mistake, one or more parcels of real property might be omitted from the foreclosure list the entire laborous and expensive proceeding would have to be invalidated at the suit of a taxpayer. We do not think that any such absurdity was contemplated by the legislature.

■ Finally, the plaintiff asserts that if the proceedings about to be commenced are valid, there should be included in the foreclosure list all real properties against which taxes have been assessed which became delinquent as of December 16, 1939. This contention is without merit because, under the plain language of the statute, the foreclosure list need include only the real properties subject to foreclosure at the time the list is prepared. Properties which became subject to fore-

closure at a later date would properly be included in the list of a subsequent year.

■ The decree of the circuit court was in harmony with the foregoing views, with the exception that that court was of the opinion that the plaintiff had no standing to invoke the declaratory judgment act with respect to the failure to include in the foreclosure list the properties which were the subject of the foreclosure suit in *Smith v. Carlson*. For that reason the circuit court declined to pass upon that question. In our opinion this was error. The plaintiff's right to invoke the declaratory judgment act is based upon the fact that he is the owner of real property and a taxpayer in Marion county, Oregon, and that his burden of taxation will be increased through the alleged unlawful expenditure of public moneys by the defendants. It is conceded that the cost of preparing and publishing a notice of the foreclosure list, as required by Section 4 of Chapter 485, would be in excess of $2,000—moneys that would be wasted were the proceedings declared void. In view of that fact the plaintiff could have maintained an injunction suit under the decisions of this court, which hold that a taxpayer who shows that he will be subjected to an increased burden of taxation may invoke the interposition of a court of equity to prevent the illegal disposition of public funds: *McKinney v. Watson*, 74 Or. 220, 145 P. 266; *Miller v. Henry*, 62 Or. 4, 124 P. 197, 41 L. R. A. (N.S.) 97; *Sears v. James*, 47 Or. 50, 82 P. 14; *Burness v. Multnomah County*, 37 Or. 460, 60 P. 1005; *State ex rel. v. Lord*, 28 Or. 498, 43 P. 471, 31 L. R. A. 473; *Avery v. Job*, 25 Or. 512, 36 P. 293; *White v. Commissioners*, 13 Or. 317, 10 P. 484, 57 Am. Rep. 20. The plaintiff's rights as a taxpayer to maintain a suit under the declaratory judgment act, which we are required to

construe and administer liberally (§ 2-1412, Oregon Code 1930), are certainly no less than they would have been, under like circumstances, to invoke the equity process of the court for an injunction. The plaintiff is a person whose rights are affected by the statute (§ 2-1402, Oregon Code 1930), and the assumption of jurisdiction as to all phases of the case is, we think, supported by authority: *Salem v. Oregon-Washington Water Service Co.*, 144 Or. 93, 23 P. (2d) 539; *Zoercher v. Agler*, 202 Ind. 214, 172 N. E. 186, 172 N. E. 907, 70 A. L. R. 1232. See Borchard, "Declaratory Judgments", 341-344.

The decree of the circuit court is, therefore, modified in accordance with this opinion, and no costs will be allowed.

RAND, C. J., and ROSSMAN, KELLY, BEAN and BAILEY, JJ., concur.

BELT, J., not sitting.