# IN THE TAX COURT OF THE
# STATE OF OREGON

Wallace L. PREBLE
and Elizabeth Preble

*v.*

# DEPARTMENT OF REVENUE

(TC 4130)

Kevin O'Connell, Portland, represented Plaintiffs (taxpayers).

Jerry Bronner, Assistant Attorney General, Department of Justice, Salem, represented Defendant (department).

Decision for Defendant rendered March 25, 1998.

**CARL N. BYERS, Judge.**

This matter is before the court on Plaintiffs' First Motion for Summary Judgment and Defendant's cross Motion for Summary Judgment relating to the same issue. There is no dispute of material fact, and the motions present a single legal issue.[1]

Plaintiffs (taxpayers) timely filed their Oregon Income Tax Returns for the years 1977, 1978, and 1979. Taxpayers' Federal Income Tax Returns for the same years were audited by the Internal Revenue Service.[2] As a result of the federal audit, Defendant (department) issued Notices of Deficiency with regard to taxpayers' Oregon Income Tax Returns for those years. Taxpayers' motion asserts that the department's failure to certify that the Notices of Deficiency were "made in good faith and not for the purpose of extending the

---

[1] Taxpayers have filed a Second Motion for Summary Judgment on a second issue. However, the parties agree there is no need to address taxpayers' second Motion for Summary Judgment until the court determines whether the first motion is dispositive.

[2] The federal audits resulted in deficiencies which plaintiffs appealed, and the dispute was eventually resolved by a decision of the United States Tax Court on December 12, 1991.

period of assessment" is a fatal defect rendering the notices void.

## ISSUE

Is the requirement of ORS 305.265(2)(c) mandatory or directory?

## ANALYSIS

ORS 305.265(2)[3] provides, in relevant part:

"If the department discovers * * * that a deficiency exists, it shall compute the tax and give notice to the person filing the return of the deficiency and of the department's intention to assess the deficiency * * *. Except as provided in subsection (3) of this section, the notice shall:

"(a) State the reason for each adjustment;

"(b) Give a reference to the statute, regulation or department ruling upon which the adjustment is based; and

"(c) *Be certified by the department that the adjustments are made in good faith and not for the purpose of extending the period of assessment.*" (Emphasis added.)

■ As a general rule, use of the word "shall" in a statute is viewed as mandatory. That is, failure to perform the act vitiates the administrative action. *Anaconda Co. v. Dept. of Rev.*, 6 OTR 475 (1976), *rev'd and rem'd* 278 Or 723, 565 P2d 1084 (1977). However, this sometimes produces drastic results, such as here, where the time for the department to assess a deficiency has now elapsed. If the statutory requirement is mandatory, then the department's notice was defective and taxpayers will be relieved of a valid obligation. As pointed out by the dissenting opinion in *Anaconda*,

"[a]s a result, the delinquent taxpayer gets a windfall, and the other taxpayers of this state will have to bear a proportionally larger burden." 278 Or at 732, 733 (Howell, J., dissenting).

Also noted in the same dissent,

---

[3] All references to the Oregon Revised Statutes are to 1995.

"Before adopting such an approach, we should carefully consider some of the practical consequences of employing such an exacting standard." *Id.* at 731.

■      Caution is appropriate because if the court does not view "shall" as mandatory when the legislature intended it to be so, then the court inadvertently thwarts legislative intent. On the other hand, exalting form over substance may also defeat legislative intent, as was pointed out in a property tax case where the Supreme Court stated:

"While it is true that the law contemplates that the officers will all perform their respective duties within specified times, and that the method provided for assessing and taxing property will be followed promptly and without delay in a systematic and orderly manner, nevertheless it would be sacrificing substance for form, and essence for ceremony, to nullify the levy made on December 30th, especially when it is remembered that the assessor still had the roll in his possession and ample time remained for extending the second tax before the assessor was required to deliver the roll to the tax collector." *State v. Johnson*, 80 Or 107, 116-17, 156 P 579 (1916).

■■      The court looks to the text and context of the statute to discern legislative intent. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 859 P2d 1143 (1993). One clue as to whether the legislature used "shall" in the mandatory sense is whether the legislation contains negative words or words indicating that this is the only procedure which may be used. *Childs v. Marion County*, 163 Or 411, 415, 97 P2d 955 (1940). The *Anaconda* court similarly held that where the statute indicated that a particular procedure was to be used and "not otherwise," the procedure was mandatory.

■■      ORS 305.265 in its entirety describes the steps and procedures the department and taxpayers are to follow with regard to resolving disputes over reports and returns. Uniformly, the statute uses the word "shall" even when discretion or alternative choices are described. For example, ORS 305.265(2) specifies that "the department shall examine or audit" a taxpayer's return, but only "if required by law" *or* the department deems the audit "practicable." ORS 305.265(5) indicates that the taxpayer "shall" pay the deficiency or

"shall" advise the department of any objections to the deficiency. In each case, "shall" clearly is not mandatory, and there are no negative words implying otherwise. While many provisions may be mandatory, it is unlikely the legislature intended all of them to be.

██ Nothing in the context of the ORS 305.265(2)(c) suggests that the certifications are essential to the validity of the notice. The form certification required by subsection (c) is not of the same character or importance as other information might be, such as a taxpayer's name and address or the amount and year of assessment. In fact, it does not provide substantive information such as contained in the other two subparagraphs of ORS 305.265(2). Subparagraph (a) requires the department to explain the reason for the adjustment and subparagraph (b) requires the department to explain which law, rule or regulation applies to the adjustment. This court has previously held that the requirement of ORS 305.265(2)(b) is not mandatory. *Equitable Sav. & Loan v. Commission*, 3 OTR 1, 8 (1967), *aff'd on other grounds* 251 Or 70, 444 P2d 916 (1968). If a requirement to furnish substantive information is not mandatory, then it is unlikely the legislature intended certification to be mandatory.

What is the purpose of requiring the notice to be certified that it was issued in good faith and not for the purpose of extending the statutory period? First, it implicitly requires notices to be issued in good faith. Second, notices prepared and issued for the purpose of extending the statute of limitations are void. *See Olympia Brewing v. Dept. of Rev.*, 7 OTR 301, 305 (1977).

██ The requirement acts as a limitation upon the authority of the department. Its function is to prevent the department from "skirting" the statute of limitations. In view of this purpose, the court concludes that such failure does not abrogate the legislative policy. The policy against notices of assessment to extend a statute of limitations is as effective for notices without certification as it is for those certified. Absence of certification merely raises the question of whether the notices were issued for an improper purpose.

██ ██ Another possible reason for the requirement is to shift the burden of proof to the taxpayer. If a taxpayer attacks

a notice on the ground that it was only issued to extend the statute of limitation, then certification shifts the burden of proof to the taxpayer. In the absence of certification, the burden would appear to be on the department to show that the notices were issued in good faith. In determining legislative intent, *PGE* tells us to also look to "other provisions of the same statute and other related statutes." *Id*. at 611. The legislature has expressly taken the above approach in ORS 314.845. That statute provides that certification by the department that a tax has not been paid, that a return has not been filed or that information was not supplied constitutes *prima facie* evidence of such facts. While the certification required by ORS 305.265(2)(c) is not part of ORS 314.845, the requirement is similar enough to suggest a similar purpose. Viewed in that light, the certification would not be for the benefit of the taxpayer but for the benefit of the department. If so, then it is unlikely that it would be viewed as essential to the process and the notice involved. The court concludes that the use of the word "shall" in ORS 305.265(1) is directory only.

The certification required is merely a form statement. It does not preclude the taxpayer from challenging the truth of the statement and the statement alone cannot mislead the taxpayer. Absent time constraints, the court might conclude that mandamus should issue to compel the department to certify its notices. Similarly, if the court found that a certification was false, then an appropriate sanction would be to hold that the notice was void. However, mere omission of the certification from the notice does not render the notice void. Now therefore,

IT IS ORDERED that Plaintiffs' Motion for Summary Judgment is denied, and

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment is granted with regard to the particular issue raised by Plaintiffs' first Motion for Summary Judgment.