320 December 30, 2013 No. 41

## IN THE OREGON TAX COURT
## REGULAR DIVISION

NICOLYNN PROPERTIES LLC,
*Plaintiff,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant.*

(TC 5172)

Plaintiff (taxpayer) appealed from a Magistrate Division decision as to property tax. Defendant Department of Revenue (the department) answered with a motion for summary judgment on the ground that taxpayer's appeal was time-barred, as had been ruled in the Magistrate Division. Taxpayer argued that the county assessor had failed to follow the statutory steps of ORS 311.223(1) and (2) that the statute says "shall" be taken before any notice is given to a taxpayer under ORS 311.223(2), including correction of the roll. Taxpayer also argued that the notice ultimately given by the county was not compliant with the requirements of ORS 311.223(2) and further argued in opposition to summary judgment that the department, in the record it had made, had not established that there was no question of material fact before the court. Granting the department's motion, the court ruled that taxpayer's appeal was time-barred, and that factual issues asserted by taxpayer were not material because they were premised on an incorrect reading of the statutes as to measurement of the statute of limitations, but that while taxpayer was barred from proceeding under appeal provisions stated in ORS 311.223, the court would potentially be able to address some of taxpayer's claims under ORS 305.288 if taxpayer could show that it qualified under that statute. The case was therefore continued for potential consideration of the applicability of ORS 305.288.

Oral argument on Defendant's Motion for Summary Judgment was held July 24, 2013, in the courtroom of the Oregon Tax Court, Salem.

Cary B. Stephens, Barnhisel Willis Barlow & Stephens PC, Corvallis, filed a response and argued the cause for Plaintiff (taxpayer).

Douglas M. Adair, Senior Assistant Attorney General, Department of Justice, Salem, filed the motion and argued the cause for Defendant Department of Revenue (the department).

Decision rendered December 30, 2013.

**HENRY C. BREITHAUPT, Judge.**

## I.  INTRODUCTION

In this property tax case, Plaintiff (taxpayer) asserts that summary judgment should not be granted to Defendant (the department) because questions of material fact remain to be decided in order to determine if taxpayer's complaint was timely filed in this court.

## II.  FACTS

The facts about which the parties agree or have otherwise been established in the record are these. By notices dated March 3, 2012, the Department of Assessment of Benton County (the county) gave to taxpayer and taxpayer received Notices of Intent to Add Value Due to A Clerical Error. The notices related to the years 2006 through 2011. The notices were given pursuant to ORS 311.205 to 311.208 and informed taxpayer of a right to appear and show cause under ORS 311.219.

Under date of April 10, 2012, taxpayer's counsel filed a written appearance with the county setting forth reasons why additional value should not be added to the assessments for the years in question. Under date of May 1, 2012, the county, on letterhead of the division of "Finance, Auditing & Tax Collection," informed taxpayer of the amounts of tax due for the years in question and to which tax statements in future years those additional amounts would be added. The notice was sent to the last known address of taxpayer and sent by certified mail. Taxpayer received the May 1, 2012, notice. The notice informed taxpayer that if it did not agree with the assessments, it could appeal to the Magistrate Division of this court within 90 days of the notice.

Taxpayer filed a complaint in the Magistrate Division of this court on September 18, 2012, naming as defendants the county and the Department of Revenue. The complaint related to and challenged the actions of the county. The department moved to dismiss the complaint on the ground that it was not filed within the time allowed by statute. The magistrate handling the matter granted that motion and from that decision taxpayer appeals to this division of the court.

## III.   ISSUE

Is the complaint of taxpayer filed in the Magistrate Division time-barred?

## IV.   ANALYSIS

Measured from the May 1, 2012, date of the notice of assessment given to taxpayer, the complaint of taxpayer is time-barred. The actions of the county were taken under ORS 311.205 to 311.208.[1] ORS 311.205(3) provides that the procedure both for action of an assessor and for dispute and appeal of such action is as set forth in ORS 311.216 to 311.232. ORS 311.223(4) requires that an appeal be made within 90 days of the date of the correction of the roll.

Oregon Administrative Rule (OAR) 150-311.223(4) provides that the date of correction of the roll is the date of notice given to the taxpayer under ORS 311.223(4). The appeal of taxpayer in this case came more than 90 days after the May 1, 2012, date of notice and therefore, applying the department's rule, more than 90 days after the correction of the roll is considered to have occurred.

Taxpayer argues however that the county assessor did not follow, or has not adequately shown that he did follow, the statutory steps of ORS 311.223(1) and (2) that the statute says "shall" be taken before any notice is given to the taxpayer under ORS 311.223(2), including correction of the roll. Taxpayer also argues that the notice ultimately given by the county was not compliant with the requirements of ORS 311.223(2).

In opposition to the motion for summary judgment based, as it is, on the defense of the bar of the statute of limitations, taxpayer argues that the department, in the record it has made, has not established that there is no question of material fact. In particular, on the premise that the certain steps that the statutes say the assessor "shall" take prior to sending notice, taxpayer argues that there remain questions of fact as to whether, and when, the county corrected

---

[1] Unless otherwise noted, all references to the Oregon Revised Statutes (ORS) are to 2011.

the roll and whether it took the other actions listed in ORS 311.223 as required of it.

A question of fact as to when the roll was corrected, or any other predicate step to the issuance of the notice described in ORS 311.223(1), and identified by taxpayer, would be material only in certain cases. Here, the question would be material only if the statute of limitations on appeal to this court did not begin to run until the step was taken.

The department asserts that whatever the procedural or substantive problems may have been with what the county assessor did or did not do, the court may only address those matters if taxpayer brought them to the court by way of an appeal within the time limited by the statute—within 90 days after the correction of the roll. Stated differently, the department asserts that even if the steps identified by taxpayer are not taken, the statute of limitations nonetheless begins to run. The department asserts that given this application of the statutes, there are no material facts at issue, even if the actual date of the correction of the roll has not been established.

As to the measurement of the 90-day period, the department invokes its rule OAR 150-311.223(4) which provides:

> "For purposes of ORS 311.223(4) and 311.229 the 'roll is corrected' on the date the assessor sends the notice to the taxpayer's last known address by certified mail as required in 311.223(2)."

Taxpayer does not challenge the validity of the department's rule. Therefore the only task remaining is to construe the rule and determine its application in this case. The court notes two points about this rule. First, in beginning the time measurement period from the date of notice, the rule does not begin the time measurement period any earlier than the date of the notice. If the roll was corrected before the date the notice was given, the rule does not count the time period between roll correction and notice against the taxpayer.

Second, taxpayer argues that a notice to a taxpayer sent by certified mail to the last known address of taxpayer

is nonetheless not a starting point under the rule unless a notice of an assessor states the date of the correction of the roll.[2] Taxpayer argues that, even after application of the rule, a deficient notice is not sufficient to trigger the running of the statute of limitations.

However, this reading inserts into the rule more than is contained there. The rule only concerns what date is the beginning of the time calculation called for by the statute. In doing so it does not purport to address what may or may not be logically or legally required prior to that date or what the effect of a deficiency in the notice itself may be.[3] Instead the rule simply, but importantly, specifies as the beginning date for calculation of time limitations, the date on which a notice of adverse action is sent by certified mail and last known address. There is no question of fact as to the date on which that occurred in this case.

Neither the statute nor the rule state or imply that the notice given must be correct in all respects. The purpose of the rule is obviously to specify a date easily known to taxpayers and the government on which to start computing the limitations period.[4] The statute and rule focus on when a notice is given and not on the substantive accuracy of the

---

[2] It is not clear to the court whether taxpayer is also complaining that the notice it received is inadequate because it was sent by the office of Finance, Auditing & Tax Collection of the county rather than the Assessor's Office. The letter refers to a previous notice of action from the Assessor's Office for the same accounts and years. To the extent that taxpayer is attempting to benefit from such complaints, its arguments are not well taken. Such minor discrepancies, even if they existed, would not support a decision that this notice and the preceding notice did not fairly put taxpayer on notice that adverse action had been taken by the county and in respect of the taxation of identified property. The May 1, 2012, notice also clearly set forth the appeal time applicable to the adverse action.

[3] The court's reference to requirements prior to the date of notice addresses several arguments of taxpayer regarding failure of the department to establish when other actions that the statutes contemplate will occur prior to the date of notice of adverse action that in fact occurred. An example of such a predicate action is the provision by the assessor of a written statement to the tax collector under ORS 311.223(1). Taxpayer asserts that the record does not establish when this occurred.

[4] The rule does not establish, as a matter of fact, when the roll was actually corrected. It only provides a date on which the roll is deemed to have been corrected, solely for purposes of measuring appeal time. To the extent that the actual date of roll correction would be important to a claim or defense, the parties could, in a proceeding that was timely brought, litigate that question.

notice or the correctness of county action preceding giving of notice.[5]

Taxpayer's argument is that in order to trigger the statute of limitations the notice triggering the start of the limitations period must be free of procedural or substantive defects. That position equates to a position that a notice that has defects associated with it is void *ab initio* rather than voidable if properly challenged. As was the case in *Clifford Parsons, Trustee v. Dept. of Rev.*, (*Parsons Trust*) 21 OTR 331 (2013) decided this day, the statutes here do not permit that conclusion. To the contrary, the statutory scheme, as in *Parsons Trust*, contemplates that there may be errors or deficiencies in the action of the government or notice of that action but provides a process for timely raising objections to such actions.

The contrary proposition, advanced by taxpayer, does not find support in the case law. Indeed, the department's position in this case is consistent with case law developments with respect to challenges to the content of tax notices or alleged procedural defects occurring prior to the giving of notice to a taxpayer of adverse action.

One case addressing such a question is *Preble v. Dept. of Rev.*, 331 Or 320, 14 P3d 613 (2000). In *Preble*, the statute required a notice to the taxpayer of potential adverse action. Further, the statute required that the notice contain a certification that the assessment was not made for the purpose of improperly extending the statute of limitations. Notice was given to the taxpayer, but the notice did not contain the statutorily described certification.

Our Supreme Court held that the statutorily required certification was just that—required. Therefore the court held that the notice was defective procedurally and would, unless the department was barred by a time limitation, have to be reissued with the required certification. An examination of the factual background in *Preble* indicates

---

[5] This case does not present facts where the government does not fairly put a taxpayer on notice that an adverse action has been taken. Further, there is a right to be heard about the action. Accordingly, the basic requirements of due process have been met. Taxpayer here does not argue otherwise.

that the taxpayer brought its challenge to the adequacy of the notice to the court within the time set by statute.[6] Indeed, the opinions of this court and the Supreme Court did not even mention any contention that the taxpayer had not been timely in bringing its challenge to the adequacy of the notice to this court.

In *Anaconda Company v. Dept. of Rev.*, 278 Or 723, 565 P2d 1084 (1977) the statute in question, ORS 314.405(2) (1973), required the department to hold a pre-assessment conference within one year after giving notice of a proposed deficiency. The department did not hold the conference and the taxpayer argued that the failure to do so rendered the assessment of a deficiency void. The Supreme Court held that the mandatory language of the statute was to be given effect and voided the assessment. It did so, however, in a context where, as revealed in the opinion of the Supreme Court and the records of this court, the taxpayer filed its complaint in this court within the time allowed by statute after final action by the department.[7] This court also notes that the decision in *Anaconda* discusses certain "mandatory" matters that may have more to do with proper public administration of a law rather than protections of taxpayers in the face of government action. As the Supreme Court said in *Anaconda*: "Thus procedures designed to protect individuals dealing with an agency more likely are meant to be 'mandatory' than provisions, equally obligatory, that are designed to assure legally and fiscally correct public administration in general, though the text or background of a particular enactment may show otherwise." 278 Or at 728. Similarly the nature and extent of the disadvantage sought to be avoided by the procedure can bear on the probable intent with respect to noncompliance. *See Childs v. Marion County*,

---

[6] The procedural history of the case as revealed in the opinions in this court and the Supreme Court are not conclusive on this point, but it appears that the taxpayer perfected his appeal in this court within the statutory time limit. That time limit was measured from the issuance of the department decision that, as with all cases litigated before the creation of the Magistrate Division, came after an administrative procedure and hearing at the department and the issuance of a decision by the department.

[7] The opinion of the Supreme Court recites that the order of the department was issued on August 11, 1975. The records of the Tax Court show that the appeal of the taxpayer was filed on October 13, 1975, within the 60-day period then allowed by statute for appeal of department orders. ORS 314.460 (1975).

163 Or 411, 97 P2d 955 (1940). Thus a holding setting aside action for failure to comply with one protective requirement of a statute does not necessarily mean that failure to comply with other directives in the same or a similar statute will necessarily lead to the same result. *See*, *e.g.*, *Childs*, 163 Or at 415; *Equitable Savings & Loan Association v. State Tax Commission*, 3 OTR 1, *aff'd* 251 Or 70, 444 P2d 916 (1967).

Similar results occurred in *Boardman Tree Farm v. Morrow County Assessor,* 20 OTR 361 (2011), where an alleged defect in the procedural steps by a county prior to notice of disqualification of a property from special assessment was considered. However that consideration came in a context where the taxpayer brought the challenge to the procedure within the time limited by statute.[8] In *Boardman Tree Farm* the asserted defect in procedure was similar in character to that which taxpayer asserts in this case, namely an asserted failure by the government to take an action—an inspection—which was a statutory predicate to the final decision to disqualify the property from a favorable tax program. In this case taxpayer asserts that the predicate action of actual roll correction, and certain other steps, has not been shown to have occurred.

In yet another special assessment disqualification case, *Eby v. Dept. of Rev.*, 15 OTR 247 (2000), a defective form of notice was declared to be such, but again in the context of a timely appeal to this court. In *Eby*, the statute required the department give the taxpayer notice that the property had been disqualified from special assessment. The record and decisions in *Eby*, both in the Magistrate Division and this division, establish that the taxpayer timely appealed the disqualification decision of the assessor to the department.[9] Following action by the department, the taxpayer timely

---

[8] In *Boardman Tree Farm* the notice of disqualification was issued on August 7, 2009. The appeal to the Magistrate Division was filed on August 24, 1999, within the statutory time limitation.

[9] The stipulation of facts filed in the Magistrate Division indicates that the notice of disqualification was sent June 6, 1997. The decision of the magistrate indicates that the action was timely appealed to the department. The decision of the magistrate also indicates that the department issued its opinion and order on April 10, 1998, and the appeal to the Magistrate Division was filed on July 10, 1998, within the statutory time limit.

appealed to this court.[10] Ultimately the Regular Division of this court held that the notice was inoperative because it did not contain statutorily required statements. The court concluded that the purported disqualification had not legally occurred. *Eby* thus stands in the line of several cases in which challenges to notices or acts statutorily required prior to the giving of notice by the government have been successful, but only after a timely challenge to the government action in the courts.

In this case, taxpayer has identified no case where a challenge to government actions preceding an adverse action, or the content of a notice of such action, was allowed in a case brought after the time for appeal had expired.[11]

Indeed, if the law was as taxpayer here asserts, the statutory time limits established by the legislature would be rendered virtually meaningless. Taxpayers, like taxpayer here, could allege procedural or substantive missteps and, having only alleged them, and the reasons the challenger believes them to be missteps, have potentially unlimited time within which to challenge the action of the government. Indeed, taxpayer here argues that the statute of limitations as to bringing this matter to court has not even yet begun to run. Why? Because alleged failure of the government to follow procedural steps that taxpayer argues are predicate requirements or conditions which must occur before the statute of limitations on challenge to that action begins to run.

But, of course, such a result would be based only on the assertions of taxpayer and not on any determination by the court that taxpayer's position was correct. That view is essentially one that renders the statement of time limits by the legislature dependent upon the untested views of a taxpayer as to the validity of government action.

---

[10] *See Eby*, 15 OTR at 249.

[11] In *Clifford Parsons, Trustee v. Dept. of Rev.*, decided this day, the taxpayer relied on *Smith v. Dept. of Rev.*, 17 OTR 357 (2004) and *Safley v. Jackson County Assessor*, TC-MD 030555E (Jan 28, 2000)(slip op). For the reasons discussed in the opinion in that case, neither case supports the position of the taxpayer in that case or this case.

And, of course, if that argument is good for the taxpayer "goose," it would be good for the government "gander." Time limits within which the government must, for example, assess taxes would be indefinitely extended so long as the government asserted that its actions were compliant with statutory requirements. Only after litigation of that contention, with the attendant expenditure of time and money, would the matter be settled. However, the very same decision would conclude the timeliness and substantive challenge.

Such a construction of the statutes yields an unreasonable result which the court will not attribute to the legislature as its purpose. The legislature created a process by which taxpayers may challenge government action and argue that it is procedurally or substantively defective. However the challenge must come within time limits. And the time limits restrictions are to be resolved prior to consideration of the case on the merits.

In this case, after application of a department rule that is reasonable and unchallenged, the time limit for appeal is 90 days from the date of the notice given to this taxpayer. On this record, there is no question that the notice was received or that it informed taxpayer of what adverse action had been taken.[12]

In light of the foregoing, there are no material factual disputes that would preclude entry of summary judgment in favor of the department. The factual issues asserted by taxpayer are not material because they are premised on an incorrect reading of the statutes as to measurement of the statute of limitations.

The department, in the reply memorandum in support of its motion, acknowledged that even if taxpayer is barred from proceeding under the appeal provisions stated in ORS 311.223, this court would potentially be able to

---

[12] Taxpayer argues that because of the wording of the March 3, 2012, notice and the May 1, 2012, notice, it was not certain what, if any, action had been taken. There is however no question that the May 1, 2012, notice stated precisely what the economic consequences of the action taken by the county would be and that disagreement with that result required an appeal within a specified time period.

address taxpayer's claims, at least for some years, under ORS 305.288. The benefit of ORS 305.288 would be available if taxpayer could show that it qualified under that statute.

The case will be continued for potential consideration of the applicability of ORS 305.288. If taxpayer seeks the benefit of that statute, it must do so by way of an amended complaint raising the issue. Taxpayer must file any such amended complaint within thirty days of the date of this order or judgment will issue consistent with this order.

### V.   CONCLUSION

Now, therefore,

IT IS ORDERED that this matter is continued for further consideration of the applicability of ORS 305.288; and

IT IS FURTHER ORDERED that Plaintiff shall file an amended complaint within thirty days from the date of this order.