IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

NICOLYNN PROPERTIES, LLC,               )
                                        )
                Plaintiff,              )       TC-MD 130331C
                                        )
        v.                              )
                                        )
BENTON COUNTY ASSESSOR,                 )
                                        )
                Defendant,              )
                                        )
        and                             )
                                        )
DEPARTMENT OF REVENUE,                  )
State of Oregon,                        )
                                        )       **FINAL DECISION OF**
                Defendant-Intervenor.   )       **DISMISSAL**

The court entered its Decision in the above-entitled matter on June 13, 2014. The court

did not receive a request for an award of costs and disbursements (TCR-MD 19) within 14 days

after its Decision was entered. The court's Final Decision incorporates its Decision without

change.

This matter is before the court on Defendant-Intervenor's Motion to Dismiss (Motion),

filed May 21, 2014, requesting that the Complaint be dismissed as either moot or untimely.

(Def-Inv's Mot at 2.)

Plaintiff appeals the assessed value (AV) of certain property identified as Account

377371 (subject property) for the 2012-13 tax year. A hearing was held by telephone on

June 2, 2014, to address Defendant-Intervenor's Motion, filed May 21, 2014. Michael A.

Greene, Attorney, Rosenthal Greene & Devlin, PC, appeared on behalf of Plaintiff. Douglas M.

Adair, Senior Assistant Attorney General, and Daniel Paul, Assistant Attorney General, appeared

/ / /

for Defendant-Intervenor, and Richard D. Newkirk, Appraiser, Benton County Assessor, appeared on behalf of Defendant.

Plaintiff's Complaint in this case was filed on May 6, 2013, appealing the 2012-13 tax year, to "preserve Plaintiff's argument that the increase in assessed value from 2011 to 2012 would be an unconstitutional increase of more than 3%."[1] (Ptf's Compl at 2). On June 11, 2013, the court placed the case in abeyance pending the outcome of *Nicolynn Properties, LLC v. Benton County Assessor* (*Nicolynn I*), 21 OTR 320 (2013). *Nicolynn I* was an appeal of the actions of Defendant under ORS 311.205 correcting a Maximum Assessed Value (MAV) error on the roll for multiple tax years for the subject property. Those actions included a correction to the 2011-12 tax year, raising the MAV from $2,717,201 to $4,920,247, due to the addition of new property not previously added to the rolls. (Ptf's Compl at 1; Inv's Mot Dismiss). *Nicolynn I* was resolved in favor of Defendant, finding that Plaintiff's appeal of a clerical error correction was not timely. *Nicolynn I*, 21 OTR at 329. The Regular Division of this court issued a judgment in *Nicolynn I* on March 17, 2014, and no further appeal was taken from that judgment. That judgment in now final and cannot be appealed.

The present appeal asserts that Defendant violated ORS 308.146 by increasing the MAV of the subject property by more than three percent from the 2011-12 to 2012-13 tax year.[2] (Ptf's Compl at 1). That assertion is based on the premise that the clerical error correction made by Defendant to the 2011-12 tax year, which increased the subject property's MAV and AV by adding exception RMV, was invalid and that the original MAV should not have been changed for 2011-12. If the instant appeal is a collateral attack challenging the 2011-12 MAV, Plaintiff's

---

[1] The MAV and AV for tax year 2012-13 are the same; the Benton County Board of Property Tax Appeals Order set both values at $5,067,854. (Ptf's Compl at 3.)

[2] Unless otherwise noted, the court's references to the Oregon Revised Statutes (ORS) are to 2011.

claim is barred by issue preclusion. *Nicolynn I* concluded in a judgment in favor of Defendant, letting stand the MAV as established by the clerical error correction, which raised the MAV for 2011-12 to $4,920,247. *Nicolynn I*, 21 OTR at 329. Plaintiff cannot relitigate that determination in this appeal. The subject property's MAV for 2012-13 is $5,067,854, which is "equal [to] 103 percent of the property's assessed value from the prior year * * *."[3] ORS 308.146(1).

ORS 305.275 requires that a taxpayer appealing to the Magistrate Division of the Oregon Tax Court be "aggrieved." This court has previously ruled that "[i]n requiring that taxpayers be 'aggrieved' under ORS 305.275, the legislature intended that the taxpayer have an immediate claim of wrong." *Kaady v. Dept. of Rev.*, 15 OTR 124, 125 (2000). Based on the foregoing, the court concludes that Plaintiff is not aggrieved because the subject property's MAV for 2012-13 is not more than 103 percent of the 2011-12 AV. According, there was no violation of the statute, and Plaintiff is not aggrieved. As such, the court lacks jurisdiction to consider Plaintiff's appeal in this matter, which concerns 2012-13. Now, therefore,

IT IS THE DECISION OF THIS COURT that the Complaint is dismissed.

Dated this ___ day of July 2014.

_____
DAN ROBINSON
MAGISTRATE

*If you want to appeal this Final Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within <u>60</u> days after the date of the Final Decision or this Final Decision cannot be changed.*

*This document was signed by Magistrate Dan Robinson on July 7, 2014. The court filed and entered this document on July 7, 2014.*

---

[3] 2011-12 MAV $4,920,247 * 1.03 = $5,067,854 for 2012-13 MAV