IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

NW NORTHRUP PROPERTIES, LLC,      )
                                  )
            Plaintiff,            )      TC-MD 210006N
                                  )
      v.                          )
                                  )
MULTNOMAH COUNTY ASSESSOR,        )      **ORDER GRANTING DEFENDANT'S**
                                  )      **MOTION TO DISMISS WITH LEAVE**
            Defendant.            )      **TO AMEND**

This matter came before the court on Defendant's Motion to Dismiss (Motion), filed

February 1, 2021. During the case management conference held February 23, 2021, the parties

agreed to a written briefing schedule on Defendant's Motion. The parties filed briefs in

accordance with that schedule. Plaintiff filed an additional reply after the conclusion of the

agreed-upon briefing schedule. Defendant seeks to exclude Plaintiff's reply from the court's

consideration because the briefing schedule did not include a reply or sur-reply. Plaintiff's reply

and Defendant's objection are discussed below in the analysis. This matter is now ready for the

court's determination.

## I. STATEMENT OF FACTS

Because Defendant's motion is for failure to state ultimate facts sufficient to constitute a

claim, the court's review is limited to the allegations made in the complaint, accepted as true.[1]

Plaintiff alleges the following:

---

[1] On a motion to dismiss, the court considers a broader or narrower record. *See* Tax Court Rule (TCR) 21
A. "On a motion to dismiss for failure to state ultimate facts sufficient to constitute a claim, the court's review is
limited to the allegations, accepted as true, made in the complaint." *Gray v. Dept. of Rev.*, TC 5324, 2018 WL
6722660 at *1 (Or Tax Dec 20, 2018). "On a motion to dismiss for lack of subject matter jurisdiction, the court may
also consider 'matters outside the pleading, including affidavits, declarations, and other evidence.'" *Id.* (*citing Work
v. Dept. of Rev.*, 22 OTR 396, 397-98, *aff'd* 363 Or 745 (2018)).

Plaintiff purchased a multifamily property identified in the records as account number R171454 ("the subject property") in 2016. (Compl at Attach B.) In the marketing material, the previous owner advertised the subject property as a five-unit apartment building, although only four of the units were rented at the time. (Compl at Attach C, D.) The fifth basement unit had never been rented, though it had been intended to house guests of the other tenants when the property was built. (Compl at D.) Plaintiff rented the basement unit after its purchase of the subject property. (*Id.*)

Through the marketing material, Defendant learned the basement unit was fully converted to a livable unit and added the unit to the tax roll as an exception value for the 2017-18 tax year. (Compl at Attach D.) When Plaintiff's representative received the tax statement for the subject property in late 2017, he called Defendant about the increased taxes of nearly $4,000. (Ptf's Resp at 12.) Defendant told Plaintiff that the increase was due to the required three percent increase of the property's maximum assessed value (MAV), newly approved property tax measures, and the expiration of the previous owner's tax exemption. (*Id.*) Defendant did not mention exception value for the basement unit. (*Id.*)

During telephone conversations with Defendant in late 2020, Plaintiff became aware of the exception value added for the basement unit in 2017. (Compl at Attach B.) Defendant told Plaintiff the unit had been added as omitted property.[2] (*Id.*) On December 31, 2020,[3] Plaintiff filed this appeal for the 2017–18 through 2020–21 tax years. Plaintiff seeks a refund and a tax reduction on the basis that, when omitted property is added to the tax roll, the county is obligated by statute to notify the taxpayer in writing of the assessment of omitted property. (Compl at 1-

---

[2] Plaintiff uses the term "omitted property" in its allegations, but also states that Defendant added the property as an "exception."

[3] The Complaint was postmarked December 31, 2020, so it was deemed filed on that date. ORS 305.418.

2.)  Plaintiff maintains that Defendant was required to send it a notice of omitted property assessment for the basement unit and failed to do so.  (*Id.*)

In response, Defendant filed its Motion, requesting dismissal of Plaintiff's Complaint because (1) Plaintiff did not appeal to the board of property tax appeals (BOPTA); (2) the appeal is untimely; (3) the court cannot grant the relief Plaintiff seeks; and (4) Defendant did not add omitted property to the roll.  (Def's Mot Dismiss.)

## II.  ANALYSIS

When a taxpayer disagrees with the real market value (RMV) or MAV of their property assessed by the county, the taxpayer may appeal that valuation to BOPTA.  ORS 305.275(3).[4] After BOPTA has issued a determination, either the taxpayer or the county can appeal the order to the magistrate division of this court within 30 days of the BOPTA order.  ORS 305.280(4).  If the taxpayer fails to appeal to BOPTA, or fails to timely appeal the BOPTA order to this court, the taxpayer may nonetheless appeal to this court if the taxpayer is appealing the current tax year or either of the two tax years immediately preceding the current tax year.  ORS 305.288(1), (3). This court may only order a change or correction of the tax rolls under ORS 305.288 when certain residential property has been significantly overvalued or there is "good and sufficient cause" that explains the taxpayer's failure to pursue the statutory right of appeal.  *Id*.

A.      *Appeals to BOPTA*

      1.          *Taxpayer's Failure to Appeal Each Tax Year to BOPTA*

In its Motion, Defendant contends that the case should be dismissed because taxpayer did not file the necessary appeals with BOPTA.  (Def's Mot Dismiss at 2–3.)  A taxpayer that disputes the county's determination of the RMV or the MAV of their property must appeal to

---

[4] All references to Oregon Revised Statutes (ORS) are to the 2019 edition unless otherwise noted.

BOPTA before the taxpayer can file an appeal with this tax court. ORS 305.275(3). BOPTA can hear only appeals from the current tax year. ORS 309.026(2). If a taxpayer fails to file an appeal with BOPTA for any tax year, the taxpayer waives their statutory right to appeal the issue to the tax court subject to the limited exceptions found in ORS 305.288. *See* ORS 309.100, ORS 305.275(3), and ORS 305.288.

There is no dispute that Plaintiff did not appeal to BOPTA for any of the tax years at issue. (*See* Ptf's Resp at 2.) Plaintiff argues that BOPTA lacks jurisdiction over Plaintiff's claim because BOPTA can only hear petitions for the current tax year. (*Id.*) Plaintiff also argues that an appeal to BOPTA would have been appropriate had Defendant informed it of the "exception to include omitted property" in 2017.[5] (*Id.*) Plaintiff was unaware of the exception value, regardless of whether it was omitted or a new property assessment, so it could not have appealed to BOPTA. (*Id.*) Plaintiff also contends that BOPTA can only hear appeals of RMV, not MAV. (*Id.*)

The court agrees with Plaintiff that BOPTA cannot hear petitions for any tax year beyond the current tax year. However, that fact does not change the requirement that appeals be taken to BOPTA before they are filed in this court. Plaintiff presents this appeal as a single issue that spans four tax years. While parties and the court sometimes frame issues in this way for brevity, Oregon has long held that "each tax year stands alone." *Safley v. Jackson County Assessor*, TC-MD 091206C, 2010 WL 4923355 at *5 (Or Tax M Div Dec 2, 2010) (*citing U.S. Bancorp v. Dept. of Rev.*, 15 OTR 13, 15 (1999)). For each tax year at issue, Plaintiff had the opportunity to appeal to BOPTA, but failed to exercise that right. If a taxpayer could appeal to BOPTA, then

---

[5] Plaintiff's argument that Defendant did not provide proper notice is further explained and addressed below.

that taxpayer cannot appeal to this court until BOPTA has issued an order. ORS 305.275(3). Plaintiff did not appeal to BOPTA for any of the tax years at issue and can no longer do so.

2. *BOPTA's Authority to Hear Petitions to Adjust MAV*

Plaintiff contends that BOPTA has only limited authority to reduce MAV, so BOPTA lacked jurisdiction over Plaintiff's claim. (Ptf's Resp at 2.) In support of this contention, Plaintiff cites to ORS 309.026. (*Id.*) Because Plaintiff seeks to change both the RMV and the MAV, if Plaintiff is correct, BOPTA does not have jurisdiction over this issue.

Plaintiff misreads the statute. ORS 309.026(2)(c) states, "The board shall hear petitions for the reduction of * * * [t]he maximum assessed value of property as of January 1 or as determined under ORS 308.146 (5)(a) or (8)(a)* * *." The statute plainly requires BOPTA to hear petitions to reduce the MAV as well as the RMV of property.

Plaintiff failed to appeal to BOPTA in each tax year at issue. As a result, Plaintiff's statutory rights of appeal have been waived, and its only avenue for relief with this court is under ORS 305.288.

B. *Appeal Under ORS 305.288*

Under certain circumstances, this court can hear appeals even when a taxpayer has no other statutory right of appeal remaining. ORS 305.288. First, the appeal must be for "the current tax year and for either of the two tax years immediately preceding the current tax year." ORS 305.288(1), (3). The tax court can hear appeals for any or all of those years if taxpayer meets either of two sets of conditions. This court shall order the change or correction to the assessment and the tax roll if the property is used primarily as a dwelling of a certain size, and the difference between the correct real market value and the assessed real market value is at least 20 percent. ORS 305.288(1). In the alternative, this court may order a change or correction to

the assessment and tax roll if "good and sufficient cause" exists to explain why the taxpayer failed to appeal to BOPTA. ORS 305.288(3).

1. *Current and Prior Two Tax Years*

Subsections (1) and (3) of ORS 305.288 contain identical language that allows this court to hear appeals for the current and prior two tax years. Because Plaintiff appeals under both ORS 305.288(1) and ORS 305.288(3), the court determines which tax years at issue are potentially correctable before considering whether Plaintiff has met the requirements of either ORS 305.288(1) or ORS 305.288(3).

a. 2017–18 tax year

The assessment years run from January 1 to December 31, while the tax year runs from July 1 to June 30. ORS 308.007. The current tax year is defined as the tax year in which the appeal is filed. ORS 305.288(5)(a); ORS 306.115(5). This appeal was filed in December 2020, during the 2020–21 tax year. ORS 305.288 permits the court to change or correct this tax year and the previous two tax years, so the court can potentially order a change to the 2019–20 and the 2018–19 tax years as well. The 2017–18 tax year is beyond the current and prior two years open for correction under ORS 305.288. The parties agree that, absent some extension of this court's authority, the tax court is prohibited from ordering any change for the 2017–18 tax year. (Ptf's Resp at 5.) Plaintiff argues that Chief Justice Order 20-027 ("the CJO") is such an extension, that it granted this court authority to order a change or correction beyond the statutory limits. (*Id.* at 5–6.)

The CJO was signed and became effective on July 21, 2020, and provides that "[a]ll time periods and time requirements" that limit the period for commencing appeals to the tax court "are extended during the COVID-19 state of emergency and continuing for 60 days after * * *."

(CJO 20-027, subparagraph 3.a (July 21, 2020).) Subparagraph 3.b provides that, "[i]f a party failed to comply with a time period or time requirement * * * before the effective date of this order, but on or after March 8, 2020, then that time period or time requirement is extended * * * and the court shall not impose a consequence for such failure to comply." Plaintiff contends that paragraph 3 of the CJO permits this court to hear its appeal for the 2017–18 tax year. (Ptf's Resp at 5.) Defendant argues that the CJO does not apply in this case because Plaintiff's statutory right to appeal the 2017–18 tax year passed "long before [the CJO] was in effect." (Reply Supp Def's Mot Dismiss at 5.)

To determine if the CJO extends this court's authority to hear appeals of previous tax years requires an analysis of whether ORS 305.288 is a statute of limitations for the purposes of the CJO. The CJO specifies that it applies to appeals to the Magistrate Division subject to the time periods or time requirements under ORS 305.280, or "under any statute that imposes a time limitation or time requirement for the commencement of the appeal * * *." (CJO 20-027 at subparagraph 2.b.) ORS 305.288 is not explicitly included within the CJO. Some taxpayers have argued that ORS 305.288 is a statute of limitations because of the window of the current and prior two tax years. *Work v. Dept. of Rev.*, 363 Or 745, 752, 429 P3d 375, 379 (2018) (arguing that the tax year limitation may be waived by the parties' stipulation). The tax year limitations in ORS 305.288 might resemble statutes of limitations because they are defined in reference to a period of time and this court must usually dismiss a claim for any tax year beyond the current or prior two years. *Id*. Although it functions in some respects like a statute of limitation, ORS 305.288 by its terms describes the tax court's authority and constrains its ability to order relief. *Work*, 363 Or at 752.

Additional language in the CJO supports the conclusion that ORS 305.288 is not included

within the scope of the CJO. The CJO is specifically targeted at statutes that impose a time limitation or time requirement "for the commencement of the appeal." (CJO, subparagraph 2.b.) For example, ORS 305.280 provides that, "an appeal under ORS 305.275 (1) or (2) shall be filed within 90 days after the act * * * becomes known * * *." ORS 305.288, on the other hand, does not impose a time limitation or time requirement for appealing. The CJO provides taxpayers additional time to commence appeals to this court, but the CJO does not expand the authority of this court. This court lacks the authority to change or correct the subject property's RMV or MAV for the 2017–18 tax year under ORS 305.288.

        b.      2018–19 through 2020–21 tax years

Defendant moves to dismiss the 2018–19 through 2020–21 tax years because Plaintiff's assertions, assumed to be true, are not a basis for relief under ORS 305.288. Plaintiff contends that this court has the authority to hear its claims regarding the 2018–19 through 2020–21 tax years, citing ORS 305.288 and two additional statutes. (Ptf's Resp at 6.) First, Plaintiff argues that ORS 309.115 "provides the benefit of prior adjudication to subsequent years." (*Id.*) Second, Plaintiff argues that ORS 305.285 allows for petitions of subsequent tax years while prior decisions are still pending. (*Id.*) ORS 309.115 concerns the assessment of property for five years following the final determination of this court, the Department of Revenue, or BOPTA. ORS 309.115. As of the date of this order, this court has not issued a final determination on this matter. ORS 309.115 is not applicable.

ORS 305.285 allows taxpayers to request the Department of Revenue to order the officer in charge of the tax rolls to adjust the tax and assessment rolls in subsequent years to reflect a final determination of the department, tax court, or supreme court. ORS 305.285. This court is not the Department of Revenue, so ORS 305.285 is not applicable.

2. *ORS 305.288(1)*

If Plaintiff can show the conditions listed in ORS 305.288(1) have been satisfied, this court shall order a change or correction in the assessment and tax roll. ORS 305.288(1). Plaintiff must show that the subject property was (a) used primarily as a dwelling or was vacant and (b) was and is a multifamily dwelling of not more than four units. In addition, Plaintiff must allege and prove the difference between the asserted real market value and the assessed real market value reflected on the tax roll is equal to or greater than 20 percent. ORS 305.288(1)(a)-(b). All parties agree that the subject property was used as a dwelling during each of the tax years at issue.

Multifamily dwellings under ORS 305.288(1) are limited to "not more than four units." ORS 305.288(1)(a). Plaintiff admits that as of January 1, 2018, the subject property had a fifth unit and that unit was rented out. (Ptf's Resp at 10–11.) This court lacks the authority under ORS 305.288(1) to order corrections to multifamily dwellings of five units. ORS 305.288(1)(a). Plaintiff has not asserted that the subject property had fewer than five units for any subsequent tax year. Because the subject property was a five-plex for each of the 2018-19 through 2020-21 tax years, this court cannot order changes to the tax and assessment rolls under ORS 305.288(1).

3. *ORS 305.288(3)*

This court can hear Plaintiff's appeal if it can show "good and sufficient cause" for failing to pursue its statutory right of appeal. ORS 305.288(3). "Good and sufficient cause" is defined as "an extraordinary circumstance that is beyond the control of the taxpayer * * * that causes the taxpayer * * * to fail to pursue the statutory right of appeal." ORS 305.288(5)(A). "An extraordinary circumstance" "does not include inadvertence, oversight, lack of knowledge, hardship or reliance on misleading information provided by any person except an authorized tax

official * * *." ORS 305.288(5)(B). In support of its claim under ORS 305.288(3), Plaintiff refers to Defendant's failure to mention exception value during Plaintiff's phone call with Defendant in November 2017 and failure to give notice of omitted property assessment. (Ptf's Resp at 12–13.)

To prove that an authorized tax official provided misleading information, a taxpayer must provide "positive proof" that they were misled. *River Place Partners, LLC v. Multnomah County*, TC-MD 060059D, 2006 WL 2237254 at *2 (Or Tax M Div July 24, 2006) (*citing Webb v. Dept. of Rev.*, 18 OTR 381, 384 (2005)). This is a "stringent proof requirement" that requires "strong support." *Id*. Mere testimony that the government orally misguided the taxpayer is generally insufficient evidence to show "proof positive" that the taxpayer was misled. *Id.* (*citing Schellin v. Dept. of Rev.*, 15 OTR 126, 131 (2000)).

Plaintiff must provide evidence of a "good and sufficient cause" to explain why it did not pursue its statutory right of appeal for each of the 2018–19, 2019–20, and 2020–21 tax years. Plaintiff seems to argue that the reasons it did not pursue the statutory right of appeal for the 2017–18 tax year are also the reasons it did not pursue its statutory rights in subsequent years. (*See* Ptf's Resp at 13). Thus, although this court lacks the authority to consider the 2017–18 tax year, the court considers Plaintiff's explanation of the 2017–18 tax year for subsequent tax years.[6]

   a.      Phone call in November 2017

In November 2017, Plaintiff spoke with Defendant's office to learn why property taxes for the subject property increased approximately 40 percent over the 2016–17 tax year. (Ptf's

---

[6] Plaintiff filed this appeal in December 2020, and thus during the time it could have appealed to BOPTA for the 2020-21 tax year. It is difficult to imagine what facts could constitute a "good and sufficient cause" for filing an appeal to this court while an appeal to BOPTA is still possible but, for present purposes, the court considers the 2020–21 tax year along with the 2018–19 and 2019–20 tax years.

Resp at 12.) The office informed Plaintiff that the increase was due to the three percent increase in MAV, newly approved property tax measures, and the expiration of a tax exemption the previous owner had. (*Id.*) Plaintiff was not told of the added exception value for the basement unit. Although Plaintiff was not informed of the assessment of new property, it does not dispute that the information Defendant provided was accurate. (*See id.*) At most, Plaintiff received incomplete information from Defendant when it inquired about the increase in property taxes for the 2017–18 tax year.

This court has previously held that incomplete, but accurate, information is not misleading. *River Place Partners*, 2006 WL 2237254 at *5. The recitation of a single oral conversation does not show "proof positive" that Defendant misled Plaintiff. If Plaintiff had additional questions about the increase to its property taxes, Plaintiff was responsible for "fill[ing] the void" of its understanding. *Webb v. Dept. of Rev.*, 18 OTR at 386.

> b. Defendant's failure to give notice of omitted property

Plaintiff claims that Defendant added omitted property to the assessment and tax roll and failed to inform Plaintiff as required by statute. (Compl at 1–2.) Plaintiff alleges that this failure to send a written notice also constitutes "good and sufficient cause" for this court to hear the case and order a change or correction to the rolls. (Ptf's Resp at 12.)

Plaintiff received a tax statement for the 2017–18 tax year in November 2017. (*See* Ptf's Resp at 12.) Defendant argues that, even if the court finds that the improvements were assessed as omitted property, this tax statement served as a notice to Plaintiff of the omitted property exception. (Def's Mot Dismiss at 4.)

Plaintiff has not explained how a lack of notice in one year serves as a "good and sufficient cause" for failing to appeal to BOPTA for the next three tax years. Plaintiff does not

allege that Defendant assessed additional taxes for omitted property in any other year or failed to provide any required notices during each of the 2018–19, 2019–20, and 2020–21 tax years. To the extent that Defendant failed to provide a required notice to Plaintiff, that failure does not meet the high threshold required to show "good and sufficient cause" of Plaintiff's failure to appeal for subsequent tax years. Without more, Plaintiff has failed to state facts that constitute a claim for the 2018–19, 2019–20, and 2020–21 tax years and cannot demonstrate "good and sufficient cause" for this court to hear the appeals for each of those years.

C.    *ORS 305.280 and Omitted Property Argument*

Even though the court has concluded that Plaintiff's appeal is untimely and the court may not hear it under ORS 305.288, the court will briefly address Plaintiff's primary concern: Defendant's alleged failure to notify Plaintiff of its omitted property assessment during the 2017-18 tax year. (Compl at 2.) Under Oregon law, county assessors are required to send written notice of their intention to add omitted property to the tax roll. ORS 311.219. The notice must be sent at least 20 days before a hearing at which taxpayers can show cause, if any, why the omitted property should not be added. *Id.* If after the hearing the assessor decides to assess the omitted property, the assessor must "immediately" send written notice of the roll correction to taxpayer. ORS 311.223(2). A taxpayer aggrieved by an omitted property tax assessment can appeal to this court "within 90 days after the correction of the roll as provided in ORS 305.280 * * *." ORS 311.223(4). ORS 305.280(1) provides appeals must be filed within 90 days after the act "becomes actually known to [the taxpayer]," but limits the window in which taxpayers can appeal to "no * * * later than one year after the act * * * occurred * * *." ORS 305.280(1).

Because the court accepts Plaintiff's allegations as true, the court assumes Defendant failed to send any required notices to add omitted property. Plaintiff must still timely appeal to

challenge a defective notice.  *See Nicolynn Properties LLC v. Dept. of Rev.*, 21 OTR 320 (2013).

Plaintiff concedes it received the 2017-18 property tax statement in late 2017 and called

Defendant to discuss the increase in taxes.  (Ptf's Resp at 12).  On December 31, 2020, Plaintiff

filed this appeal.  In no event can an appeal filed in 2020 meet the one-year limit of ORS

305.280(1) when Defendant's act or omission occurred in 2017.

D.      *Reply in Support of Plaintiff's Appeal*

After the conclusion of the parties' agreed-upon briefing schedule, Plaintiff filed an

additional Reply in Support of Plaintiff's Appeal.  Defendant asks the court not to consider Plaintiff's

Reply.  Upon review of Plaintiff's Reply, the court considers it in part to the extent it raises a new

claim for relief: specifically, that an error exists on the 2017-18 tax roll that Defendant must correct

under ORS 311.205.  The court views Plaintiff's new claim as a request to amend its complaint.

Leave to amend a complaint "will be freely given when justice requires."  TCR 23 A.  The court does

not consider Plaintiff's Reply to the extent that it restates arguments previously made[7] or challenges

the 2017-18 exception value.  The court will not consider whether the 2017-18 exception value was

correctly determined unless it determines that year is open for review.

Because the court construes Plaintiff's Reply as seeking to amend its complaint raising a new

claim under ORS 311.205, the court gives Defendant 30 days to file a responsive pleading setting

forth any defenses to Plaintiff's new claim.  Thereafter, Plaintiff has 14 days to file any further reply.

III. CONCLUSION

Upon careful consideration, the court concludes that Defendant's Motion should be

granted.  Plaintiff's appeal of the 2017-18 through 2020-21 tax years is untimely.  The 2017-18

---

[7] Plaintiff renews arguments concerning whether an omitted property notice was required, whether this appeal may be heard under ORS 305.288, and whether ORS 309.115 applies.

tax year is beyond the reach of ORS 305.288 and Plaintiff has failed to allege facts supporting a claim under ORS 305.288 for the 2018-19 through 2020-21 tax years. Plaintiff's additional theories for relief under ORS 309.115 and 305.285 are unavailing. Now, therefore,

IT IS ORDERED that the Motion to Dismiss is granted.

IT IS FURTHER ORDERED that Plaintiff's motion to amend its complaint to assert a new claim under ORS 311.205 is granted. Within 30 days from the date of this Order, Defendant will file its responsive pleading, including any defenses against the claim. Thereafter, Plaintiff has 14 days to file any reply.

Dated this ___ day of August 2021.

_____
ALLISON R. BOOMER
PRESIDING MAGISTRATE

*__This is a dispositive order__ pursuant to Tax Court Rule – Magistrate Division 16 C(1). The court will issue a decision after waiting 14 days to determine whether there is a dispute about costs and disbursements. Any claim of error in regard to this order should be raised in an appeal of the Magistrate's decision when all issues have been resolved. See TCR-MD 19.*

*This document was signed by Presiding Magistrate Allison R. Boomer and entered on August 16, 2021.*